GULF, COLORADO & SANTA FE RAILWAY COMPANY v. JORDAN JONES.
No. 2867.

1. **Master's Liability to Minor Employe.**—If the minor have not the mental capacity and experience to appreciate the danger, and if he be employed in a dangerous business, not by the contract of the parent, and if he be injured as the result of his inexperience, the master ought to be held liable.

2. **Duty of Master Employing Minors.**—Before engaging very young persons by their own contract in a hazardous employment, the employer should know that they have the necessary capacity and experience to do the work in safety, or be prepared to take such measures by way of instruction as will secure the same end.

3. **Fact Case.**—See facts where verdict for $1000 was sustained in favor of a negro boy sixteen years old injured while working as brakeman upon the road of the defendant.

APPEAL from Harris. Tried below before Hon. James Masterson.

This is an appeal by the Gulf, Colorado & Santa Fe Railway Company from a judgment rendered for $1000 in favor of Jordan Jones. The plaintiff, suing by his next friend, is a son of an old negro woman, and is aged sixteen years. The cause of action was injuries received by plaintiff in the employ of the defendant company while serving it as a temporary brakeman upon a train upon the road of the defendant. Plaintiff was employed about the yards of the defendant, and it seems was put upon temporary duty as brakeman, against the will of his mother. Plaintiff had but little, if any, experience as brakeman.

The further matters necessary to understand the opinion are given in it.

*J. W. Terry,* for appellant.—1. To authorize a recovery in a case of

this character it must appear that the plaintiff, by reason of youth or inexperience, was not aware of the dangers of the employment, and that the defendant, knowing the plaintiff's want of such knowledge, failed to warn or caution him concerning such dangers, and such failure was the cause of the accident.    Railway v. Carlton, 60 Texas, 397; Railway v. Crowder, 61 Texas, 262; Railway v. Watts, 63 Texas, 552; Railway v. Callbreath, 66 Texas, 526; Verts v. Railway, 18 Am. and Eng. Ry. Cases, 11.

2.    Where an employe, although a minor, was known by the employer to be possessed of knowledge of danger of the employment, derived from actual experience, observation, or otherwise, then it would be a useless act to inform the minor of such danger, and failure to do so would not render the employer liable.    Buckney v. Manufacturing Co., 21 N. E. Rep., 717; Sims v. Railway, 10 South. Rep., 543.

3.    Where a verdict of the jury is against the great preponderance and manifest weight of the testimony, or where it is without any evidence to sustain it, or where it is without sufficient evidence to sustain it, the trial court should grant a new trial, and for the error of the trial court in refusing so to do, this court will reverse the judgment.    Railway v. Schmidt, 61 Texas, 282; Chandler v. Meckling, 22 Texas, 36; Block v. Sweeney, 63 Texas, 419; Zapp v. Michaelis, 58 Texas, 270.

*Brady & Ring,* for appellee, cited Hamilton v. Railway, 54 Texas, 562, and authorities; Railway v. Carlton, 60 Texas, 401; Leary v. Railway, 2 N. E. Rep., 116; Jones v. Railway, 8 Am. and Eng. Ry. Cases, 222; Dowling v. Allen, 74 Mo., 13; Sullivan v. Rubber Co., 113 Mass., 396.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at a former term, and the opinion is reported in 73 Texas, 232.    It was then reversed on account of improper language used by counsel for the plaintiff in his closing argument to the jury.    Upon the second trial the plaintiff again obtained a verdict and judgment in his favor, and the case now comes before this court solely upon the question of the sufficiency of the testimony to sustain the verdict.

The court in its general charge instructed the jury, in effect, that if the employment at which the plaintiff was engaged was dangerous, and if from his age, size, and capacity, the agent who employed him knew or should have known that it was not prudent to put a person of his capacity at such employment, and if it was or should have been apparent to the agent that he did not have the capacity and discretion reasonably necessary for that business, and if he were not himself negligent, and his injuries resulted from his want of capacity and discretion by reason of his youth, they should give a verdict in his favor.    The charge is not complained of.    In addition, the court, at request of counsel for the defendant, gave the following instruction:

" You are charged that if you believe from the evidence that the plaint-iff prior to the day of his injury had had experience as a brakeman or switchman sufficient to enable him to learn and appreciate the dangers of the employment, and that he had the strength and intelligence to per-form the work of a brakeman or switchman, and that these facts were known to the agent of the defendant who employed him, then under such circumstances such agent was not required by the law to advise or caution him as to the dangers or character of the employment; and if you believe from the evidence that the facts are as above stated, you will find for the defendant."

It is apparent from these instructions that the case was made to turn upon the capacity and discretion of the plaintiff for the employment of a brakeman or switchman. If the verdict had depended upon plaintiff proving that he had no experience in the work of switching or braking, we are inclined to think that it should not be sustained. He testified positively that he had never acted as a brakeman before, and that he en-tered upon the service against his will. His mother corroborated him so far as her knowledge went; but it is probable that he may have served in the capacity occasionally without her knowledge.

On the other hand, several witnesses, who had been or were at the time of the trial in the employment of the defendant, testified that he had made trips as a brakeman, and had frequently acted as switchman in the yard for a half day or a day at a time. It was undisputed that for a year or more he had been employed about defendant's yard in coaling engines. This he did at the instances of the company's brakemen, who were under contract to do the work, but who preferred to pay another to do it rather than do it themselves. It appeared, however, that plaintiff's name was never placed upon the company's pay roll as a brakeman.

We doubt whether the jury were warranted in believing plaintiff upon the question of his previous experience against so many witnesses, who had no immediate interest in the result of the trial. The truth probably is that the plaintiff was desirous of qualifying himself for railroad ser-vice, and that when a brakeman upon defendant's yard or trains desired relief from duty for a day or a part of a day he employed plaintiff to take his place. Admitting, then, that the jury should have found that plaintiff was not wholly without experience, does it follow that they should have found that the defendant was not in fault in employing him in the dangerous operation of coupling cars? The evidence shows that he was the son of a freedwoman, and it was sufficient to warrant the find-ing that he was but sixteen years old at the time of the accident. There is nothing in his testimony as it appears in the statement of facts to in-dicate that he possessed more than the average intelligence of boys of his age and race. Besides, being upon the stand before the jury, they had a better opportunity of estimating his intelligence and capacity than any

one could have who had never seen him. Such being the case, we can not say that the verdict of the jury upon the vital question, as presented by the charge of the court, was against such a preponderance of evidence as to warrant this court in setting it aside. It is by no means clear that the jury were not correct in finding that the plaintiff's age and incapacity were such as to render his employment as a brakeman extra hazardous and to make it a wrong to employ him in the dangerous service of coupling cars. There was no proof of negligence on his part or on part of the other servants of the company. The cars which caused the injury were proved to be in good order. Some of the witnesses to the accident testified that they were wholly unable to account for it. The jury probably accounted for it upon the score of the plaintiff's incapacity and want of experience. A parent has the right to engage his minor child in a dangerous employment. In such case the parent impliedly assumes for himself and his child the ordinary risks of the employment. A minor whose age and experience is such as to enable him to appreciate the hazards of the service may also engage in a dangerous employment and assume the same risks as a person of full age. Railway v. Carlton, 60 Texas, 397. But if the minor have not the mental capacity and experience to appreciate the danger, and if he be employed in a dangerous business not by the contract of the parent, and if he be injured as the result of his inexperience, the master ought to be held liable. Railway v. Fort, 17 Wall., 553. Very young persons rarely appreciate danger to its fullest extent, and for the performance of a dangerous task are liable to overrate their capacity. It therefore follows that before engaging them by their own contract in a hazardous employment the employer should know that they have the necessary capacity and experience to do the work in safety, or be prepared to take such measures by way of instruction as will secure the same end.

The judgment is affirmed.

*Affirmed.*

Delivered February 28, 1890.