THOMAS B. WHITE v. SAN ANTONIO WATER-
WORKS COMPANY ET AL.

No. 515.

**1. Practice—Exceptions to Judgments.**—Where an order on a demurrer is entered which fails to recite that an exception was taken to the ruling of the court, the error is not waived by failure to except.

**2. Master and Servant—Dangerous Machinery—Minors.**—The same presumptions do not obtain with a minor who has reached the age of 14, or any other age under 21, that apply to an adult. And if a servant under the age of 21 has not been

instructed as to the hazards of his employment in connection with dangerous machinery, it is a question for the jury to determine whether he had acquired sufficient knowledge of the dangers to exempt the master of liability in case of injury.

3. Same—Authority of Employe—Usages and Customs.—Evidence is competent to show, that by universal usage a chief engineer had authority to employ assistants, there being no evidence of any contract between the employer and the employe which excluded the power; and it is also competent to show, that the engineer's predecessor while discharging the same duties had such power.

4. Agency—Declaration of Agent.—Where there is other evidence of agency, the declaration of an agent, made during the continuance of the agency, in regard to transactions connected with the business, is the act of the principal.

5. Dangerous Premises—Minority.—Where one has dangerous premises or appliances, and knowing that a minor without capacity or discretion to realize the danger is in proximity to it, and fails to take reasonable measures to avoid injury to him, such owner is liable for the injury to the minor.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*R. B. Minor* and *Tarlton & Altgelt*, for appellants.—1. Evidence of a universal custom existing in San Antonio and everywhere for chief engineers to employ and discharge persons helping them about the machinery in their charge, taken in connection with the evidence introduced tending to show that Willis was a chief engineer, was proper as tending to show authority in Willis to employ plaintiff. Mech. on Agency, sec. 281; 1 Am. and Eng. Encyc. of Law, p. 1029, sec. 8; Id., p. 1028, sec 7; Story on Agency, 9 ed., sec. 60.

2. There being evidence before the jury upon which they would have been warranted in finding authority in Willis to employ plaintiff to work for the Waterworks Company at the upper pump house, then, in connection therewith, and in connection with other excluded evidence to same effect, evidence of declarations of Willis during the time of his agency, that he had employed plaintiff to work at the upper pump house, was proper as showing an admission (by him as such agent) of the fact of such employment. Latham v. Pledger, 11 Texas, 439, 445, 446; McAlpin v. Cassidy, 17 Texas, 449, 466; Tuttle v. Turner, 28 Texas, 759, 771.

3. As to authority of Willis: Collins et al. v. Cooper, 65 Texas, 464; Bradstreet Co. v. Gill, 72 Texas, 116; Wood's Mast. and Serv., p. 498, sec 264; Id., p. 503, sec. 267; Id., p. 511, sec. 268; Id., p. 514, sec. 269.

As to defendant's duty to plaintiff: Railway v. Jones, 76 Texas, 350; Railway v. Brick, 83 Texas, 598; Whitelaw v. Railway (Tenn.), 1 S. W. Rep., 37; Neilon v. Paper Co. (Wis.), 44 N. W. Rep., 772; Goff's Admr. v. Railway, 36 Fed. Rep. 299; Coal Co. v. Gaffney (Ind.), 29 Cent. L. J., 266; Coal Co. v. Young (Ind.), 20 N. E. Rep., 423; 28 Cent. L. J., 394; Rolling Mills Co. v. Corrigan (Ohio), 20 N. E. Rep., 466; 28 Cent. L. J., 395; Railway v. Frawley (Ind.), 9 N. E. Rep.,594; Steller v. Hart (Mich.), 32 N. W. Rep., 875; Dowling v. Allen, 74 Mo., 13; 41 Am. Rep., 298; Hill v. Gast, 55 Ind., 45.

As to contributory negligence of children: Railway v. Jones, 76 Texas, 350; Railway v. Brick, 83 Texas, 598; Rolling Mills Co. v. Corrigan, 20 N. E. Rep., 460; 28 Cent. L. J., 395; Hill v. Gast, 55 Ind., 45; 29 Cent. L. J., 268; Neilon v. Paper Co. (Wis.), 44 N. W., Rep., 772, 774.

*Thomas H. Franklin,* for appellee.—1. The court did not err in refusing to admit the testimony of the witness complained of in said assignment. The right of Willis to act as agent of defendant company and employ assistants, who would, by virtue of such employment, become servants of defendants, can not be shown by custom.

In addition to this, the testimony offered was entirely irrelevant, because if it be conceded that it was the custom in San Antonio for chief engineers to employ and discharge persons helping them about the machinery, such evidence did not tend in any way to prove that the person so employed would be an employe of the company for which the chief engineer might be working.

The court did not err in rejecting the testimony referred to in said assignment. An agent can not establish his authority by his declarations.

The testimony was enterely irrelevant, because even if Willis had admitted that he had employed plaintiff to work at defendant's pump house, such testimony did not tend to show that Willis in any way was authorized to employ plaintiff for defendants, or that he had in fact employed him for defendants. On the contrary, the presumption would be that he meant what he said—that he (Willis) had employed plaintiff.

2. The undisputed evidence in the case shows that plaintiff at the time that he was hurt was sui juris. He was over 16 years of age, and therefore was old enough to be held accountable for crime, and to enter into a contract of marriage.

Whether he was not possessed of sufficient discretion to do the work he was engaged in, was therefore a question of fact, and in order to recover, it devolved upon him to show (1) that he was employed by the defendant company; (2) that he was employed to do dangerous work; (3) that the danger was of such a character that it was not open and visible to him, having regard, of course, to his knowledge and discretion; (4) that the defendant companies knew of his lack of discretion, and that he was incapable of recognizing and understanding an apparent danger; (5) that knowing these facts, they failed to warn him of the dangers; and (6) that the injury received by him resulted from such failure to notify him of the dangerous character of employment in which he was engaged.

JAMES, CHIEF JUSTICE.—The action was against appellees, the San Antonio Waterworks Company and the Waterworks Company, two corporations, for damages for personal injury. The latter cor-

poration was operating the works and carrying on the corporate business of the former, under an arrangement which we need not discuss. The alleged injury occurred at the pump house. Appellant was engaged by the person having charge of the pump house and machinery to do certain work therein, a part of which was rubbing grease off the machinery. While engaged in this work, appellant's hand was caught in the machinery and crushed.

The petition alleged, that defendants were operating said machinery; that they employed plaintiff to do certain work, a part of which was wiping off the machinery, which was dangerous, especially to persons without experience and skill in such occupation, or who from youth, immaturity of judgment, or want of discretion had not the capacity to understand and appreciate the dangers connected with such machinery when in motion, the extent of such dangers, and the means of avoiding the same; that plaintiff was without skill or experience in operating or handling such machinery or any dangerous machinery, and had never before that day done work of any kind upon or about any dangerous machinery; that he was of the age of 16 years and between three or four months; that plaintiff was of immature judgment and wanting in discretion, and from his said youth, immaturity of judgment, and want of discretion, was ignorant of and had not the capacity to understand and appreciate the said dangers connected with said machinery when in motion, the extent of said dangers, and the means of avoiding the same. It was alleged further, in substance, that the work of wiping grease from the machinery necessarily involved the handling of the machinery, and was work which plaintiff could not perform without great danger to himself while the machinery might be in motion, by reason of his youth, inexperience, unskillfulness, ignorance, and incapacity, and that for the same reason the danger and its extent were not known nor patent to plaintiff, and defendants, by directing plaintiff to wipe grease from the machinery, exposed him to great danger and liability, that he, unless prevented by adequate instruction, warning, and care, would, through his youth, inexperience, unskillfulness, ignorance, and incapacity, perform the work while the machinery might be in motion, and thus sustain the injury. Plaintiff further alleged a knowledge of all these facts on the part of defendants, the nonconsent of his father to his being employed, going or remaining near said machinery, the duty of defendants under the circumstances to warn and inform plaintiff of said dangers and their extent, and the means of avoiding them, to warn and instruct him not to wipe off grease from said machinery, nor to go or remain near it when in motion, and their duty to take effectual steps to prevent his so doing; and concludes by alleging a breach of said duties by defendants, and personal injuries resulting to plaintiff, without fault on his part, by reason of said breach, in connection with his youth, inexperience, unskillfulness, ignorance, and incapacity.

The court sustained an exception to all that part of said petition which attempted to allege want of discretion in plaintiff.

In the latter portion of the petition plaintiff alleged, in substance, that if he was not in the service of defendants at the time of his injury, and if he was not directed by defendant to wipe grease from the machinery as aforesaid, nevertheless plaintiff with knowledge of defendants, through their representative and agent, was in and about said pump house and in close proximity to said machinery while in motion, which was not only dangerous when in motion, but attractive to children, and easily accessible; that by reason of plaintiff's youth, inexperience, ignorance, and incapacity, which was known to defendants through their representative, it was the duty of defendants not to permit plaintiff to remain near or about said machinery while the same might be in motion, especially when plaintiff was alone, to remove plaintiff from proximity to said machinery in motion, and take proper and effectual steps and measures to prevent plaintiff's being, remaining, or going about said machinery, and more especially when plaintiff might be alone. Yet, the facts and circumstances being as aforesaid, defendants, on said 25th day of July, 1887, unlawfully, wrongfully, and negligently did not remove plaintiff from proximity to said machinery then in motion, did not take effectual or proper steps or measures to prevent plaintiff's being or remaining or going near or about said machinery when in motion, but permitted plaintiff to be and remain for about two hours on the afternoon of said day alone in said pump house, and in close proximity to said machinery while the same was in motion, and easily accessible to him; by reason of which unlawful, wrongful, and negligent conduct, failure, and omission on the part of defendants, plaintiff was on said 25th day of July, 1887, for about two hours in the afternoon of said day alone in said pump house, and in close proximity to said machinery while the same was in motion and easily accessible to him, by reason whereof, and by reason of which unlawful, wrongful, and negligent conduct, failure, and omission on the part of defendants in connection with plaintiff's said youth, inexperience, ignorance, and incapacity, and without fault on plaintiff's part, plaintiff then and there commenced wiping grease from said machinery, and by reason of the said unlawful, wrongful, and negligent conduct, failure, and omissions on the part of defendants in connection with plaintiff's said youth, inexperience, unskillfulness, ignorance, and incapacity, and without fault on plaintiff's part, plaintiff received from said machinery the injuries herein before described.

The court sustained a demurrer to this entire count.

It appears that an order was entered sustaining these demurrers, which order does not recite that an exception was taken by plaintiff to such rulings, nor is there any bill of exceptions on the subject. The rulings were among the grounds upon which a new trial was asked. Appellees insist, that it was indispensable for plaintiff to have

excepted to said rulings during the trial, that his failure to do so was an acquiescence in the correctness of the rulings, and that he could not assert such errors, if any, by complaint after the trial. A party waives the error in a ruling where it is necessary for him to reserve an exception, and fails to do so. It is not necessary, however, to take exception to judgments of the court upon matters which constitute the record proper in the case, at common law, as the pleadings, motions for new trial, or an arrest of judgment, and final judgment. Rule 53 of District and County Courts.

The rule is but a declaration of the rule announced in Cunningham v. Wheatley, 21 Texas, 184. It is sufficient that the rulings were complained of in the motion for new trial and by assignment of error here. In fact, it has been held that it is not necessary to do so in the motion for new trial. Marsalis v. Crawford, 28 S. W. Rep., 372, citing Clark v. Pierce, 80 Texas, 151; but we doubt the correctness of the rule last mentioned, in view of article 1369, Revised Statutes.

The first of the rulings must have been made on the theory that a person could not as a matter of law set up the fact of youth, immaturity of judgment, and want of discretion in cases of this character, when it appeared that he was exceeding 16 years of age. After striking out the plaintiff's second count and all that part of the first count which alleged plaintiff's want of discretion, there was left in the first count allegations that plaintiff was an employe of defendants, was without skill or experience, and was ignorant in handling and operating machinery of a dangerous kind; that this condition of plaintiff was known to defendant, and that he received his injury by being exposed by defendants to such danger without having been warned or informed by defendants in respect to the danger or the means of avoiding it, and without being warned or instructed not to wipe grease from the machinery, nor to go about it when in motion, and without defendants having taken steps to prevent his so doing, all of which plaintiff alleged to have been the duty of defendants to plaintiff under the circumstances, and that plaintiff was injured through neglect of such duties, and without any fault on his part. And upon these allegations the case was allowed to go to trial.

This count was founded upon the relation of employer and employe, and the duty the master owes the servant in reference to existing dangers. The rule is, that the duty to inform the servant does not exist where the danger is patent or is the subject of common knowledge.

The rule has a familiar exception in cases of minors employed about dangerous machinery. The following is a concise statement of the law on this subject: "When young persons without experience are employed to work with dangerous machinery, it is the duty of the employer to give suitable instructions as to the manner of using it, and warning as to the hazard of carelessness in its use. If the employer neglect this duty, or if he give improper instructions, he is responsible for the injury resulting from his neglect of duty. He is not

answerable for injury to adults, nor for injuries to young persons who have had that experience from which knowledge of danger may reasonably be presumed, or that discretion which prompts to care." Tagg v. McGeorge (Pa.), 26 Atl. Rep., 671.

The courts of this State have not accepted the doctrine that the same presumptions obtain with a minor who has reached the age of 14, or any other age under 21, that apply to an adult. On the contrary, it is stated in Railway v. Brick, 83 Texas, 598, that "the great weight of authority supports the rule, that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he had acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury."

We can not, therefore, conceive of any proper ground upon which the first of said demurrers was sustained. Whilst discussing the first count of the petition, we may dispose of the question whether or not there was testimony under it to justify a submission of the issues it raised, the court having, it seems, instructed the jury to return a verdict for the defendants.

The relation of master and servant was essential to this feature of the petition. It was in evidence that the Waterworks Company, as lessee of the San Antonio Waterworks Company, was to provide funds to keep in repair the works, pumping machinery, etc., to pay all officers' wages and employes, taxes and other expenses. It was in evidence that Willis, the person who engaged plaintiff, was an engineer in charge of the machinery, as chief engineer. In connection with this, plaintiff offered to prove by Charles Bauderer, chief engineer of the Alamo Brewery, at San Antonio, for the purpose of proving authority in Willis to employ plaintiff to work for defendant, the Waterworks Company, that it is, and was in July, 1887, when the occurrence happened, the custom in San Antonio and everywhere for chief engineers to employ and discharge persons helping them about the machinery in their charge, and that it was the universal custom for chief engineers to do so. This testimony was excluded. We are of opinion, that there was evidence from which the jury might have found that Willis was an employe of the Waterworks Company in respect to the pump house and machinery, and there being no evidence of a contract which excluded the power of this employe to employ assistants, it was competent for plaintiff to show that his employment carried with it this power, by proving that by a universal custom men employed as he was exercised the power. Laws. on Usages and Customs, 371; Moore v. Kennedy, 81 Texas, 146; Mech. on Agency, sec. 281; Harrell v. Zimpleman, 66 Texas, 294; Manfg. Co. v. Groos, 12 South. Rep. The court erred in excluding the testimony. Plaintiff offered also to prove by a witness, Heiniger, that the person who held the same position before Willis, and discharging the same duties at the pump house, employed hands to work there for defendant, the

Waterworks Company, with defendant's knowledge.   The theory upon which the evidence was offered was, that it was competent as tending to show that the person holding the position Willis did had authority to employ hands.   We think the testimony was admissible   If the relation of the two persons to the company were the same, as evidenced by the duties they discharged, and the company recognized the predecessor as having that authority, it would justify the inference, in the absence of an express contract in defining his powers, that he was clothed with the same authority.

There was also certain testimony admitted which went to show that the engineer had authority to employ assistants for the said defendant. Bauderer testified, that while Willis was in charge of the pump house he learned that the Waterworks Company wanted to employ an engineer, and went to the company's office and applied to the secretary for employment, handing him his engineer's certificate.   That just then Willis entered, and the secretary handed him the certificate, saying, "Willis, there is an engineer," and that Willis then told the witness to come to the pump house to see him about the matter.   It is not necessary to pass on this testimony, inasmuch as the evidence excluded was of a nature that would undoubtedly have made the issue of the engineer's authority to employ help one proper for the jury to consider and determine.

There was evidence, proceeding on the theory of master and servant, which made the issue of negligence on the part of the master, in not properly warning, informing, or instructing plaintiff, one that should have been submitted.   Besides the fact of plaintiff's minority, he testified, that he told the engineer that he did not know enough about machinery to keep the place, and the engineer told him that he could wipe off grease—anybody could do that; that his injury was received on the day he went to work; that after plaintiff swept the floor, he was set to work cleaning windows.   Afterwards the engineer showed him how to wipe off the machinery; that he saw the engineer wipe the grease off the plunger arm while it was in motion, which was the arm that rushes the piston into the pump.   Willis then went to town, leaving plaintiff alone in the pump house, and plaintiff wiped off two of the arms, and while wiping another his arm was caught in the oil box that sits on the end of the arm, and he could not get it out in time to save it from being crushed.   He testified to his ignorance of the nature of the machinery, and that he had had no experience with dangerous machinery.

We will not comment on the evidence.   If the court directed the verdict for want of proof of the relation of master and servant, there was error in ruling out the evidence aforesaid; and if what moved the court to direct the verdict was the conviction that the evidence of negligence or dereliction attributable to the master, or want of experience and knowledge of the risk involved on the part of plaintiff, as the cause of the injury, was insufficient to make defendant liable, we

are of opinion that the evidence was such as required the matter to be submitted. Chopin v. Paper Co. (Wis.), 53 N. W. Rep., 453. The principle expressed in Railway v. Brick would require this, in view of plaintiff's immature age, and the testimony of his want of knowledge or experience in respect to the machinery at which he was employed.

The second count of the petition is framed to state a liability on the part of defendants in the event no contract relation of master and servant was shown.

If it appeared that the plaintiff was at the time a child of tender age, and that the servant having charge of the premises, knowing of his presence, permitted him to remain alone in danger of contact with dangerous machinery in motion, there would be no question of the employe's liability, if injury resulted to him. The allegations were, in substance, that defendants through their agent permitted plaintiff, who was of the age of 16 years, a person of inexperience, ignorance, and incapacity in respect to the dangers of such machinery, facts known to said agent, to be and remain alone for several hours in close proximity thereto while the same was in motion, resulting in plaintiff's contact therewith, and injury therefrom. The words ignorance and incapacity are broad enough to include the want of discretion in reference to the danger to which he alleged he was exposed, and we find the allegation so made as to refer to and include the allegation of the first count concerning his ignorance and incapacity, which was, that "plaintiff was of immature judgment and wanting in discretion, and from his said youth, immaturity of judgment, and want of discretion, was ignorant of and had not the capacity to understand and appreciate the said dangers connected with said machinery when in motion, the extent of said dangers, and the means of avoiding the same."

If such is the rule with reference to a child of tender years, based on its inability to comprehend the hazard of the exposure, at what age can we as a matter of law declare that the rule ceases to apply? Clearly the age of a minor is not the standard.

We are unable to distinguish any difference in the application of the rule, in cases in which the plaintiff is a servant alleged to be wanting in discretion, and is injured through neglect of the master in the duty to warn and instruct him, and where one who has dangerous premises or appliances, and knowing a minor, without capacity or discretion to realize the danger, to be in proximity to it, fails to take reasonable measures to avoid injury to him. The issue as to the person's discretion is one of fact in one case as well as the other. Cook v. Houston Nav. Co., 76 Texas, 353; Railway v. Jones, 76 Texas, 350; Railway v. Styron, 66 Texas, 421; Railway v. Brick, 83 Texas, 598.

This latter part of the petition was stricken out in response to an exception which claimed that it "did not allege any facts showing negligence on the part of defendants, or either of them, in connection

with said machinery, and does not allege facts sufficient to show that plaintiff was of such immature judgment, reason, or age as to not be guilty of contributory negligence in going on the premises of these defendants wrongfully and interfering with their machinery." It was alleged that Willis, defendants' agent and representative, permitted the presence of plaintiff under the circumstances above stated. If he was a servant in charge of the premises, his negligence was attributable to his master. The allegations sufficiently stated a case of negligence, and the allegations of youth, want of discretion and capacity, were sufficient to negative contributory negligence, and presented a question which our courts have determined to be one for the jury. In the language used in Cook v. Navigation Company, 76 Texas, 358, if, considering his age and discretion, his act in going about the moving machinery and placing his hand in a position to be injured was such as a similar person of ordinary prudence would not have done, he would be guilty of such negligence as would preclude a recovery. It is our opinion that the second count was good on demurrer.

The first amended original petition joined the two companies as defendants, alleging that both were operating the pump house and machinery through their agent and representative Willis, and the acts are charged as committed by both. We do not consider that our opinion is called for or necessary on the question of whether or not plaintiff under his allegation and the evidence could recover from one of the defendants alone. It is not apparent from the record that the District Court has in any way acted upon this question.

It is said that the court erred in excluding the declarations of Willis, to the effect that he had employed plaintiff to work at the pump house, and another declaration made by him to the physician who attended to plaintiff's wounds, to the effect that his bill would be paid by the Waterworks Company, the object of this testimony being, as stated in the bills of exceptions, to prove the employment of plaintiff by Willis to work for the defendant, the Waterworks Company. While declarations of a person are not admissible for the purpose of proving his agency, yet where there is other evidence from which a jury could find his agency, his declarations or admissions made during the continuance of the agency in regard to a transaction connected therewith, would be the act of the principal. If the jury believe from the evidence aliunde that Willis was the agent of defendant and was authorized to engage persons to work at the pump house, it would be proper for the jury to consider his declarations made while such agent and while plaintiff was employed there, tending to show that he had employed him on behalf of his principal. McAlpin v. Cassidy, 17 Texas, 467; Mills v. Berla, 23 S. W. Rep., 910, and cases cited; Tuttle v. Turner, 28 Texas, 760; Latham v. Pledger, 11 Texas, 445. But we do not believe that this principle would let in a declaration of Willis made after plaintiff's injury, while conversing with the doctor in refer-

ence to the injuries, to the effect, that the Waterworks Company would
pay the physician.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 16, 1895.                                    .