TEXAS & PACIFIC RAILWAY COMPANY v. HOLLOWAY & RICE.

Decided January 25, 1908.

**1.—Carrier—Injury to Live Stock—Destination—Measure of Damage.**

A shipment of live stock was made from S. to L. via W. Upon arrival at L. the stock were so badly injured that there was no market value for them at that place, and they were reshipped to W. and sold on the market there. Evidence considered, and held to justify a charge that the market value of the stock at W. was the basis for the measure of damage.

**2.—Charge—Assumption of Fact—Harmless Error, when.**

In a suit for damages to live stock by a carrier, charge considered, and held harmless even if subject to the objection that it assumed that the stock were injured by the negligence of the defendant, since the charge, when taken as a whole, limited the right of the plaintiff to recover to a finding that the defendant was negligent.

Appeal from the District Court of Mitchell County. Tried below before Hon. James I. Shepherd.

*Wagstaff & Davidson,* for appellant.

*Thurmond & Sandusky,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellees sued appellant to recover fifteen hundred and fifty dollars damages for alleged injuries to a shipment of mules and horses from Sweetwater via Fort Worth to Longview. The negligence alleged consisted in rough handling and delays between Sweetwater and Fort Worth by reason of which two mares died of their injuries at Longview and twenty-two head of the others were so badly bruised and injured as to have no market value at that place, by reason of which appellees reshipped them to Fort Worth and sold them on that market. Appellees had a judgment for five hundred and twenty-four dollars.

The principal contention of appellant is that the court erred in admitting evidence as to the market value of the stock at Fort Worth and in submitting that value to determine the measure of damage, because the evidence shows that there was a market for such stock at Longview. But we have carefully examined the evidence, and while one of the appellees testifies that he might have gotten twenty-five or thirty dollars apiece for the animals, yet he denies that even this sum was ever offered, and all the witnesses who testify show very clearly that the stock could not be sold in

the ordinary way on that market. In fact, appellees made repeated efforts, both in the ordinary way and by auction, and yet were unable to get an offer on those animals that were reshipped to Fort Worth. There is no contention either in appellant's pleading or in the evidence that appellees were derelict in not selling at Longview, but on the contrary all of the evidence indicates that the Fort Worth market was better and that the stock actually sold for more at that place than they possibly could have been sold for at Longview; so that in no view of the case has appellant sustained injury of which it can complain. Texas & Pac. Ry. Co. v. Coggin, 44 Texas Civ. App., 423.

One paragraph of the court's charge is attacked as being on the weight of the evidence in assuming that the death of the two mares at Longview was due to appellant's negligence. But if this assumption was not warranted by the facts, yet that particular paragraph is prefaced with the expression "if you find for the plaintiff you will assess his damages at the market value of the two mares," etc., and from other parts of the charge the jury must have understood that they could find for the plaintiff only in the event appellant's negligence resulted in the injuries. We find no error and the judgment is affirmed.

*Affirmed.*