CHICAGO, R. I. & E. P. RY. CO. v. EAS-
LEY et al. †

(Court of Civil Appeals of Texas. Amarillo.
May 25, 1912. Rehearing Denied
June 29, 1912.)

1. MASTER AND SERVANT (§ 118*) — SAFE
PLACE TO WORK—DUTY OF MASTER.

The duty to direct and look after the pro-
tective work of removing the overlying strata
of dirt and rock as they project from removal
by employés of gravel from the bottom of a
gravel pit devolves on the master.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 177, 209; Dec. Dig. §
118.*]

2. MASTER AND SERVANT (§ 286*)—INJURY TO
MINOR EMPLOYÉ—DUTY TO WARN—INTELLI-
GENCE OF EMPLOYÉ.

Merely because one injured, a few days
after commencing work shoveling gravel from
the bottom of a 12-foot gravel bank, by its
falling in, owing to part of the overhanging
dirt and rock not having been removed, was
nearly 17 years old, and of good intelligence,
is not enough to take from the jury the ques-
tion of his having been of sufficient intelli-
gence to be capable of understanding the dan-
ger, as regards the duty of the master to warn
him.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1001, 1006, 1010–1050;
Dec. Dig. § 286.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CONSIDER-
ATION AS A WHOLE.

A paragraph of the charge, directing a
verdict for the master if it be found that the
injured servant was of mature judgment or
experienced in the business, will not be con-
sidered to indicate that verdict could not be
for the master except on such a finding; other
special charges stating other grounds on which
verdict could be for it.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. APPEAL AND ERROR (§ 1066*)—INSTRUC-
TIONS—AFFIRMATIVE ERROR.

Even if about an undisputed issue, not
necessary to be submitted, an instruction, in
an action for injury to plaintiff's son in de-
fendant's employ, that if plaintiff knew his son
was employed in defendant's gravel pit he
could not recover, was not affirmative error;
it not being charged that he could recover if
it be found that he did not know of the em-
ployment.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

5. TRIAL (§§ 191, 193*)—INSTRUCTIONS—AS-
SUMING FACT.

Especially where the issue of negligence
had previously been submitted, paragraphs of
the charge, stating that if the jury find that
the failure, if any, of defendant to communi-
cate to its employé the perils, if any, was
negligence, and that such negligence, if any,
caused the injury, they should find for plain-
tiff, unless they found for defendant under
some other paragraph of the charge, and that
if they found a person of ordinary prudence
under the circumstances surrounding defend-
ant would not have ascertained the danger, if
any, of the gravel pit falling in, or would
not have warned the employé of such danger,
if any, they should find, for defendant, are not
open to the objection of assuming defendant

was negligent and indicating the court's opinion
to that effect.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 420–431, 435, 436–438; Dec. Dig. §§
191, 193.*]

6. MASTER AND SERVANT (§ 295*)—INJURY TO
MINOR EMPLOYÉ—COMPREHENSION AND AS-
SUMPTION OF RISK.

The charge requested by defendant, in an
action for injury to a minor employé, that there
could be no recovery, if the dangers incident
to the work were as open and obvious to the
employé as to defendant and the other em-
ployés, is bad, in ignoring the minor's possible
lack of intelligence and ability to comprehend
such dangers, though they may have been open
and obvious to his observation as to that of
adults with whom he was working; the burden
of showing comprehension, and consequent as-
sumption, of an ordinary risk, by a minor em-
ployé, being on the employer.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1168–1179; Dec. Dig.
§ 295.*]

Appeal from District Court, Dallam Coun-
ty; D. B. Hill, Judge.

Action by E. A. Easley and another
against the Chicago, Rock Island & El Paso
Railway Company. Judgment for plaintiffs.
Defendant appeals. Affirmed.

W. W. Moore, of Dalhart, and Gustavus
& Jackson, of Amarillo, for appellant. Car-
den, Starling, Carden & Hemphill, of Dallas,
and Tatum & Tatum, of Dalhart, for appel-
lees.

PRESLER, J. This suit was brought in
the district court of Dallam county, Tex.,
by E. A. Easley for himself and as next
friend for his minor son, James W. Easley,
against the Chicago, Rock Island & El Paso
Railway Company, to recover damages on
account of personal injuries alleged to have
been received by the son, James W. Easley,
in New Mexico, while in appellant's employ-
ment in August, 1909. It was alleged that
James W. Easley was at that time 17 years
of age and was employed by the defendant
in excavating gravel from a gravel pit, and
that the pit caved in on him and injured
him, and that appellant was negligent in
not having warned him of the danger of
the bank caving in and in failing to furnish
a reasonably safe place for him to work.
Appellant answered by a general denial,
plea of contributory negligence (which last
was on exception stricken out), and by plea
of assumed risk. A trial before a jury re-
sulted in a verdict and judgment in favor
of the plaintiff E. A. Easley for $250 and
in favor of James W. Easley for $2,750,
from which judgment appellant appeals to
this court and here seeks revision of said
judgment upon the errors assigned.

[1] It appears from the evidence that the
gravel pit in which young Easley was work-
ing was about 12 feet high with some 4
inches of dirt on top and a stratum of
limerock about 16 inches thick next, and

then a layer of dirt some 4 or 5 feet thick, and then 4 or 5 feet of gravel underneath this; that there were several men engaged in getting out this gravel with pick and shovel; that they would dig and shovel out the gravel from the stratum near the bottom of the bank until there was some danger of the overhanging wall falling, and would then go on top of the bank, and by crowbars would prize off this overhanging wall. All of said work being under the direction and supervision of appellant's foreman, who had employed the boy to work in said pit, which was a dangerous place to work in unless proper caution and care was exercised to keep the overhanging wall prized off and broken down as the work progressed so that the workers would not be endangered thereby. That the duty to direct and look after this protective work being done properly clearly devolved upon appellant, there can be no question. It further appears that, on the evening preceding the injury to appellee J. W. Easley, the workmen, under the direction of said foreman, had prized off a part of the overhanging bank, but had not prized it all off because of a sudden and unexpected demand for a new car of gravel; that the workmen, including the boy, Jim Easley, were by the overseer taken from the work on the overhanging wall and put to work in the pit, loading said car; that they worked for some time in the evening getting out gravel, and in the morning went to work in the same place, and had worked a short time when appellee was injured by the bank falling in on him. It further appears that the boy, Jim Easley, had been working in and about the pit only 6 or 7 days prior to the accident and lacked a few days of being 17 years old; that the pit was from 200 to 300 feet long; and that the place where appellee was put to work loading the car was not where the overhanging wall had been prized off the evening before. Appellee Jim Easley, in his testimony, claims that he was not warned by the overseer as to the danger connected with the work he was doing. The evidence, however, is conflicting upon the issue as to such warning, and the contention upon which appellees recovered in the court below is that the appellant was negligent in not having so warned him and in failing to keep the place where he was required to work in a reasonably safe condition, and we are of the opinion that, upon the whole evidence, this contention is well founded, and that the jury was warranted in sustaining the same.

[2] Appellant, however, complains of various errors on the part of the court during the trial of the case, and under its first assignment complains of the first paragraph of the court's charge, which is as follows: "If you find and believe from the evidence that, at the time the plaintiff James W. Easley claims to have been injured, he was a youth of immature judgment and inexperience in the business in which he was employed, and that the perils, if any, of his undertaking, were not communicated or known to him, and that by reason of such immaturity, if any, of judgment, and inexperience, if any, and want, if any, of information as to the perils, if any, of his employment, he was incapable of understanding the nature and extent of the hazard, if any, to which he was subjected, and if you further find that defendant's foreman, Johnson, knew, or could have known by the exercise of ordinary care, of the danger of said pit falling in, and if you further find that the failure, if any, of the defendant's said foreman to communicate to the said James W. Easley such perils, if any, was negligence, and you further find that such negligence, if any, proximately caused the plaintiff James W. Easley to be injured, then you will find for plaintiffs, unless you find for the defendant as to one or both of the plaintiffs under some other paragraph of this charge." On the grounds: First, that the undisputed evidence showed that the danger of the bank caving in was called to Easley's attention by the foreman; and, second, that the charge was error because the evidence shows that Easley was a young man of 17 years of age and of good intelligence, and that the situation was open to his observation, and that no other conclusion could be reached than that he was capable of understanding the danger of the bank caving in on him, and that this should not have been submitted to the jury as an issue. We are unable to concur with appellant in its contention that the danger of the bank caving was called to Easley's attention by the undisputed testimony. The evidence of the appellee Easley is to the effect that no one called his attention to it. We are further of the opinion that it was a question of fact for the jury whether Easley was of sufficient intelligence so as to be capable of understanding the danger of the bank caving in on him, and that the court properly submitted this issue to the jury, and that there is no error in the portion of the charge complained of. Said assignment is therefore overruled. Texas & Pacific Railway Company v. Brick, 83 Tex. 598, 20 S. W. 511; Texarkana & Ft. Smith Ry. Co. v. Preacher, 59 S. W. 593; Waxahachie Oil Co. v. McLain, 27 Tex. Civ. App. 334, 66 S. W. 226; White v. S. A. Water Co., 9 Tex. Civ. App. 465, 29 S. W. 252.

[3] Nor do we think there is any merit shown under appellant's second assignment, which is to the effect that the court erred in the fourth paragraph of his charge, because the same indicated to the jury that they were not to find in favor of the defendant unless they should find that Jim W. Easley was a person of mature judgment, or that he was experienced in the business in which he was employed, or that the dan-

gers of that business were communicated and known to him, contending that Easley might have assumed such patent and ordinary risk as a bank caving in on him, even though his judgment was not mature, and even though he was not experienced in the business in which he was employed, and even though the dangers of the business were not communicated and known to him, and that this danger might have and ought to have been known to him, even though it had not been communicated. The paragraph of the charge thus complained of is as follows: "If you find that the plaintiff, James W. Easley, was a person of mature judgment, or that he was experienced in the business in which he was employed, or if you find that the perils, if any, of the business in which he was employed, were communicated and known to him, then you are instructed that the plaintiffs assumed the risk, if any, of the injury which J. W. Easley may have received, and your verdict should be for the defendant as to both plaintiffs." It will be seen that the charge complained of authorized a verdict for appellant in the event of certain findings, and, in connection with this charge, the following special charges were requested and given by the court, as follows: "You are further instructed as a part of the law in this case, although you may believe that plaintiff James W. Easley was a minor, if you believe that he possessed sufficient intelligence and was capable of knowing and did know the dangers incident to his work as fully as if he had been 21 years of age, then plaintiffs cannot recover, and you will find for the defendant." In appellant's special charge No. 6, the court further instructed the jury: "You are further instructed, as a part of the law in this case, that there is no duty resting upon the defendant to warn and instruct the plaintiff James W. Easley, though he be under the age of 21 years, of ordinary risks and dangers which the said James W. Easley actually knew and appreciated or which were apparent, and that one of age would, under like circumstances, by the exercise of ordinary care know and appreciate." And further, under appellant's special charge No. 9, the court instructed the jury: "You are instructed, as a part of the law in this case, that if you believe that plaintiff J. W. Easley was aware and understood the dangers of employment, even though you may believe that he was not warned of such dangers, you will find for the defendant as to both plaintiffs." And further, under appellant's special charge No. 10, the court instructed the jury: "You are instructed, as a part of the law in this case, that if you believe from the evidence that any time prior to the alleged injury of J. W. Easley he had been warned by foreman, W. G. Johnson, or any one else on behalf of defendant, of the dan-

gers incident to his employment, you will find for the defendant as to both plaintiffs." And further, by appellant's special charge No. 12, the court instructed the jury: "You are charged, as a part of the law in this case, if you believe from the evidence in this case that said James W. Easley had been warned and instructed as to the dangers incident to the work in which he was engaged, then the incapacity of minority ceases, and he assumes the risk incident to his employment." It will thus be seen that by giving these special charges asked by appellant the jury was instructed that they must find for the defendant in the event that danger was known to appellee J. W. Easley, or ought to have been known to him, even though it had not been communicated to him, and that these special charges not only covered this matter, but presented every phase of the question of knowledge of the impending danger, and we are of the opinion that the paragraph of the main charge, considered in connection with the special charges requested, presents no reversible error. Parks v. San Antonio Traction Co., 100 Tex. 222, 94 S. W. 331. The assignment is therefore disallowed.

[4] The court in its general charge further instructed the jury as follows: "If you believe from the evidence that, after the said James W. Easley was employed by the defendant, this fact became known to his father, the plaintiff E. A. Easley, and that said E. A. Easley had full knowledge of the fact that said James W. Easley did not have sufficient judgment and knowledge to understand and appreciate the extent of the danger, if any, of his employment, and did not have the experience and knowledge of the duties thereof so as to care for himself as an adult of ordinary prudence would do, and had not acquired such knowledge, discretion, and experience since his employment from some source, and that thereafter the said E. A. Easley acquiesced in the continuance of James W. Easley in said employment, then the plaintiff E. A. Easley cannot recover in this case, and in such event you will find for the defendant as against the said E. A. Easley." This charge is objected to by appellant on the grounds: First, that it was error to submit to the jury as an issue of fact whether E. A. Easley knew that James W. Easley was employed by the defendant in the gravel pit, and contends that it was undisputed that E. A. Easley knew this, and that the charge indicated to the jury that they were not to find a verdict against E. A. Easley unless he not only knew that his son was employed in the gravel pit, but also had full knowledge of the fact that said J. W. Easley did not have sufficient judgment and knowledge to understand and appreciate the extent of the danger, if any, of his employment, and did not have the knowledge thereof so as to care for himself

as an adult of ordinary prudence would do, and that this was error because E. A. Easley knew that J. W. Easley was employed in a certain kind of work, and if he acquiesced in this employment he was not entitled to recover on the theory that his son was employed in a dangerous employment, even though he did not have full knowledge of the fact that his son's judgment and knowledge were insufficient for him to understand the extent of the danger; and for the further reason that the test of liability is not whether the boy understood the danger sufficient to care for himself as an adult of ordinary prudence would do, and that the charge was further erroneous because it assumed and indicated to the jury that the court was of the opinion that James W. Easley did not have sufficient judgment and knowledge to understand and appreciate the extent of the danger and did not have the experience and knowledge of the duties thereof so as to care for himself therein as an adult of ordinary prudence would do. We are of the opinion that there is no merit in the contention that the charge complained of was reversible error because it submitted to the jury the issue as to whether or not E. A. Easley knew that James W. Easley was employed by the defendant in the gravel pit, as the jury were not further instructed that, if they found that he did not know of this employment, they should then decide in favor of appellees, and we are unable to see, even conceding that this instruction was about an undisputed matter, not necessary to be submitted to the jury, that doing so in any way injured appellee. It does not appear from the evidence to be undisputed that E. A. Easley knew that his son, J. W. Easley, was employed by the defendant in this particular gravel pit, or in any particular kind of gravel pit, or that he was engaged in any particular kind of excavation. His testimony with reference to this matter is: "I was not present when Jim hired to the company. He had been working for them two or three days before I went down and found it out. At that time I had no knowledge of the character of the pit more than I gained by just walking by it. * * * I met Foreman Johnson two or three days after Jim went to work for him, and he spoke to me about Jim working for him, and I told him that he had better be doing that than nothing. I did not object at that time, but did not know the nature of the work. I supposed they were working in the gravel pit. Jim came home every night and told me he was working in the gravel pit, but I did not go over to examine the pit." J. W. Easley, on the same matter, testified: "At the time I hired to the railroad company my father was at Dalhart. He stayed there two or three days. When he came home I told him I was working at the gravel pit, but I did not tell him which gravel pit I was working at. There is more than one gravel pit. The other one is on the other side of the hill from this one. I never did work over there at the other gravel pit." We are of the opinion that there is no such affirmative error in the charge complained of as would warrant a reversal of this case. The assignment is therefore disallowed. M., K. & T. Ry. Co. v. Evans, 16 Tex. Civ. App. 68, 41 S. W. 82; Parks v. San Antonio Traction Co., 100 Tex. 222, 94 S. W. 331.

[5] Appellant complains, under his fourth and fifth assignments of error, of the following paragraphs of the court's charge:

"(7) And if you further find that the failure, if any, of the defendant's said foreman to communicate to the said James W. Easley such perils, if any, was negligence, and if you further find that such negligence, if any, proximately caused the plaintiff J. W. Easley to be injured, then you will find for the plaintiffs unless you find for the defendant as to one or both of the plaintiffs under some other paragraph of this charge."

"(5) If you find and believe from the evidence that a person of ordinary prudence, under the same or similar circumstances as surrounded Johnson, the foreman, would not have ascertained the danger, if any, of said gravel pit falling in, or would not have warned James W. Easley of such danger, if any, then you will find for the defendant, as in either of these events it was not guilty of negligence."

The ground of objection to these charges is that the court assumed that there was negligence on the part of the defendant and indicated the court's opinion to that effect to the jury. The court had before submitted the issue of negligence to the jury in the first paragraph of its charge, and, construing the charge in its entirety, we conclude that the objection of appellant is not well taken, and the assignment is therefore overruled. G., C. & S. F. Ry. Co. v. Wells (Tex. Sup.) 16 S. W. 1025; H. E. & W. T. Ry. Co. v. McHale, 47 Tex. Civ. App. 360, 105 S. W. 1153; S. A. Traction Co. v. Warren, 85 S. W. 26; T. & P. Ry. Co. v. Holloway & Rice, 48 Tex. Civ. App. 634, 107 S. W. 629.

[6] Appellant, under its sixth assignment, complains of the refusal of the court to give the following special charge: "You are instructed as a part of the law in this case that if you believe from the evidence introduced in this case that the dangers incident to the work which the plaintiff was performing at the time of his alleged injury were as open and as obvious to the plaintiff James W. Easley, as they were to the defendant, its agents, servants, and employés with whom he was engaged in said employment, then, in that event, you are instructed that said James W. Easley assumed said risks, and plaintiffs cannot recover in this action."

We are of the opinion that there was no error in refusing this charge. The vice in

the charge is that it ignores the minor's possible lack of intelligence and ability to comprehend such dangers, although they may have been as open and obvious to his observation as to that of the adults with whom he was working. The distinction that should obtain as between a minor and an adult under such conditions, we think, is concisely and correctly stated by Labatt, in his work on Master & Servant, § 29, p. 703, as follows: "In the case of an adult, the servant's inability to recover for injuries resulting from ordinary risk is declared in terms which are indicative of the fact that his comprehension of those risks is presumed in the absence of evidence which justifies the opposite conclusion. In the case of a minor, on the other hand, the defense of an assumption of ordinary risks is viewed as one which is merely conditional upon production of specific and positive evidence going to show that the risk in question was as a matter of fact comprehended. In short, where a minor is concerned, ordinary risks are for evidential purposes always treated at the outset of the inquiry as extraordinary, and the burden of establishing the servant's comprehension of the particular risk is cast upon the employer." Texas & Pacific Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 513; Producers Oil Co. v. Barnes, 120 S. W. 1023; Id., 103 Tex. 515, 131 S. W. 531; Greenville Oil & Cotton Co. v. Harkey, 20 Tex. Civ. App. 225, 48 S. W. 1005.

Appellant's seventh assignment complains of the court's refusal to give its special charge No. 13, which is to the same general effect as the charge considered in the preceding assignment, and the same proposition is submitted as thereunder. Having considered the objection here presented under the preceding assignment, we are of the opinion that there is no merit in this assignment, and it is, accordingly, overruled for the reasons and upon the authorities heretofore stated.

Appellant, under his eighth assignment, complains of the action of the court in overruling its motion for a new trial, on the ground that the verdict of the jury is not supported by the evidence, and that the same fails to show negligence on the part of appellant, which proximately caused the injury, and, under his ninth assignment, asserts that the action of the court in overruling its motion for a new trial and that the verdict of the jury is erroneous and not supported by the evidence, and that the same shows that the plaintiff J. W. Easley was capable of knowing and did know and appreciate whatever danger there was incident to the work in which he was engaged and showed that he could see and understand such danger and contends that he assumed the risks thereof.

Upon an examination of the evidence, we do not feel warranted in disturbing the verdict of the jury, as in our opinion there is evidence in the record which supports the verdict rendered, and being further of the opinion that, under the general charge of the court and the special charges requested and given for appellant, the jury was correctly instructed as to the law of the case, we conclude that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.