## FERGUSON v. LEWIS et al. (No. 464.)

(Court of Civil Appeals of Texas. Waco. Jan. 13, 1927.)

1. Compromise and settlement ⬳23(3)—In action on note, verdict that holder had promised to release makers for consideration held sustained by evidence.

In action on joint and several note, special verdict of jury that holder promised to release makers from liability if they would give individual notes to recoup losses of organizer of oil company *held* sustained by evidence.

2. Principal and agent ⬳189(4)—Allegation of performance of act is sustained by proof that act was done by agent.

Allegation that party performed act is sufficiently sustained by proof that act was done by duly authorized agent; act of agent being in contemplation of law action of principal.

3. Principal and agent ⬳190(3)—Act done by agent will sustain finding that act was principal's.

Proof that act was done by agent will sustain finding that it was done by principal.

4. Attorney and client ⬳72—In action on note, testimony that holder's attorney, in making proposition of settlement, claimed to act for holder, held admissible.

In action on note, admitting testimony of makers that holder's attorney, in making proposition of settlement, assured them that he represented holder, *held* not error, as such declaration was admissible to corroborate existing evidence of agency.

5. Principal and agent ⬳22(2)—Declarations, of agent as to agency, made at time of transaction, are admissible to corroborate other evidence of agency.

Though agency cannot be established merely by declarations of agent, such declarations are admissible to corroborate other evidence showing prima facie agency, when declarations constitute part of res gestæ and are made at time of transaction.

6. Trial ⬳351(2)—In absence of request to submit issue of attorney's authority to authorize accord and satisfaction, court could make finding thereon in action on note.

In action on note, where defense was accord and satisfaction, court could find under evidence that attorney proposing accord was authorized agent of holder, where no charge was requested to submit such issue to jury or to limit jury in their consideration of evidence.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. **Attorney and client** ⊜⇒72—**In action on note, where defense was accord and satisfaction authorized by holder's attorney, evidence held sufficient to raise issue of attorney's agency.**

In action on note in which defense was accord and satisfaction, issue of agency of holder's attorney to enter into accord by which makers of old note were released by giving separate new notes *held* raised by evidence.

8. **Appeal and error** ⊜⇒930(3)—**Finding of agency to reach accord and satisfaction will be presumed in support of judgment, where submission of issue was not requested.**

In action on note, where defense was that holder's attorney had made proposition of settlement which makers accepted, and no request was made for submission of issue of agency, it may be presumed, on appeal in support of judgment, that court found attorney was authorized agent of holder.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Action by R. V. Ferguson against Charles J. Lewis and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. P. & Geo. L. Robertson, of Meridian, for appellant.

J. P. Word, of Meridian, for appellees.

GALLAGHER, C. J. Appellant and appellees, nine in number, in 1919, organized the Meridian Oil Company under a trust agreement. The trust agreement was not introduced in evidence, but parol testimony concerning its provisions was admitted without objection. According to this testimony, the parties were to bear any losses incurred equally. There was testimony that some objection was made to accepting appellee Barker as a member of the organization, on the ground that he was financially unable to respond with his proportionate share of any losses sustained, and that to meet this objection appellant Ferguson and appellee Todd stated that Barker's experience would be valuable to the organization and agreed to be personally responsible for said Barker's share of any such losses, and further agreed to pay the same themselves. The testimony with reference to the losses is rather indefinite, but it appears with reasonable certainty that the several members each for himself borrowed on his own note such sum of money as he needed to pay or to finish paying his share of such losses. It appears that three notes evidencing such loans were payable to the Farmers' Guaranty State Bank of Meridian, and that seven of such notes were payable to appellant. Appellant was at that time president of said bank, and appellee Chas. J. Lewis was cashier. All the appellees in this suit, except appellee Gandy, signed a written statement, acknowledging themselves jointly and severally liable for the final payment of all said notes. Among said notes was one payable to said bank and signed by said Barker. Said note was not introduced in evidence, and there is nothing to show which, if any, of the other appellees signed the same with him. Said note is continually referred to as Barker's and as his share of the losses sustained by said oil company. Among said notes was also the note sued on in this case. This note is for $830.87, with interest and attorney's fees. It is joint and several in form, payable to appellant, signed first by appellee Lewis and in succession by the other eight appellees. Said two notes are the only ones directly involved in the issues presented in this case.

This suit was instituted in December, 1924. Appellant declared on said note and asked judgment for the amount due thereon. Appellees pleaded that Barker's indebtedness to the bank for his proportionate share of the losses sustained by the oil company, evidenced by his said note, amounted, with accumulated interest, to $1,500; that, according to the agreement of the parties at the time said oil company was organized, they were not to pay any part of Barker's share of the losses; that such losses were to be paid by appellant and said Todd; that appellant and his attorney, Mr. Robertson, agreed with appellees that, if they each for himself would execute his note to the bank for $150, to be applied in discharge of said Barker note, appellant would discharge them from further liability on the Lewis note which was payable to him, that each of them had complied with said agreement, and that each of them was therefore discharged and released from further liability on said Lewis note here sued on. Appellant replied to said answer with a general denial only.

The case was tried to a jury. The court submitted only one issue. Said issue and the answer of the jury thereto are as follows:

"Did the plaintiff, R. V. Ferguson, in February or March, 1924, assure these defendants that. if each would give his individual note to the Farmers' Guaranty State Bank in the sum of $150 to help pay the loss of C. A. Barker, he (the plaintiff R. V. Ferguson) would release each of them from any liability whatever on the note herein sued upon? Answer: Yes."

There was no objection to the manner in which the case was submitted to the jury and no request for special charges or the submission of any other issue. The court rendered judgment that plaintiff take nothing by his suit, and that the defendants, and each of them, go thence without day. Said judgment is here presented for review.

### Opinion.

[1] Appellant contends that the finding of the jury as above set out is without support

in the evidence. Appellees introduced several witnesses, who testified specifically that appellant's attorney approached them and proposed that each of them should give his individual note to the bank for $150, to be applied on the Barker note, and assured them if they did so they would be released from further liability on account of the indebtedness of the oil company, and especially from further liability on the Lewis note here sued on. Said witnesses all testified that said attorney stated that he represented appellant in making such proposition. In this connection we quote from the evidence of the witness Barker as follows:

"I talked with Mr. Ferguson and Mr. Todd with reference to what was to be done with my loss. We kept renewing those notes along until I refused to sign the last time. Mr. Lewis came to me and wanted me to make a note for $1,500 and I told him I had signed all the notes I was going to sign, that there wasn't any intention when I went into the Meridian Oil Company for me to lose any money, that I was taken in for my services and I wasn't going to sign any more notes. I had signed them before merely for accommodation. * * * A few days after that Mr. R. V. Ferguson came to me, and said, 'They are trying to get you to do something that you are not able to do, and I know it, and we can settle this thing if you will sign a note for $150.' I said, 'If that will settle the whole thing off and stop these boys from being sued—I don't like for them to be sued with my name connected with it when I wasn't to be out anything—if that will stop it; I will sign a note for $150 if you will take care of it until I can pay it,' and he said he would. * * * Mr. Ferguson brought the note into my office * * * and I signed it. * * * I gave that note for $150 for the purpose of taking care of any and all debts that might be due to Mr. Ferguson or to the bank by reason of the Meridian Oil Company."

In addition to this evidence of personal participation by appellant in consummating the agreement testified to by appellees, there was other evidence tending to show knowledge by appellant of the terms of the same and of the participation of his attorney therein. Appellant and appellees Lewis and Todd were stockholders in the bank, and appellant and Lewis were officers thereof. Mr. Robertson, appellant's attorney, succeeded him as president of said bank. The testimony of appellees to the effect that they had fully complied with said agreement by delivering their respective notes to the bank in discharge of the Barker note was not controverted. Appellant testified in his own behalf, and denied having ever agreed to be responsible for Barker's share of the losses sustained by the oil company, and also denied having agreed to discharge appellees from liability on the note sued on in consideration of their giving their respective notes to satisfy the Barker note due the bank. He also denied any knowledge of such agreement.

Appellant's attorney also denied having agreed for appellant to discharge appellees from liability on the Lewis note, and further testified that the Lewis note was not mentioned in connection with the agreed settlement of the Barker note.

[2, 3] Appellant did not ask to have the issue of his attorney's agency submitted to the jury; neither did he object to the terms of the issue submitted or request any charges in connection therewith. The jury, in answering said issue, were entitled to consider all the evidence before them. It was their special province to solve conflicts therein. If they believed from such evidence that appellant's attorney actually made the agreement testified to by appellees, and that he did so with the knowledge and consent of appellant, they were justified in answering that appellant made the agreement set out in said issue. In contemplation of law, the action of an agent is the action of his principal, and it is ordinarily sufficient to sustain an allegation that a party did a certain act to prove that such act was done by his duly authorized agent. So also proof that an act was done by a party's agent will sustain a finding that the same was done by such party. Jackson v. Dickey (Tex. Com. App.) 281 S. W. 1043, 1044, and authorities there cited; Ucovich v. First National Bank of Victoria (Tex. Civ. App.) 138 S. W. 1102, 1105 (writ refused); Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543, 544 (writ refused); Herring v. Patton, 18 Tex. Civ. App. 147, 44 S. W. 50, 51; 2 C. J. p. 904, § 610.

[4–8] Appellant complains of the action of the court in permitting appellees to testify that appellant's attorney assured them that he represented appellant and was authorized to make said proposition of settlement. Appellant in this connection cites numerous authorities holding that agency cannot be proved by the declarations of the agent. While agency cannot be established merely by the declarations of the agent, when there is other evidence sufficient to show agency prima facie, such declarations are admissible in corroboration when they constitute a part of the res gestæ and are made at the time of the transaction in question. 2 C. J. pp. 939, 940, § 695; G. C. & S. F. Ry. Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 767, 775, and authorities there cited; Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507, 517 (writ refused); Loeb v. Crow, 15 Tex. Civ. App. 537, 40 S. W. 506, 507 (writ refused); Stringfellow v. Brazelton (Tex. Civ. App.) 142 S. W. 937, 938, 939 (writ refused); White v. San Antonio Waterworks, 9 Tex. Civ. App. 465, 29 S. W. 252, 256. If appellant desired the court to limit the jury in their consideration of such evidence, he should have prepared and requested a charge properly limiting the same. 2 C. J. supra, p.

940. The evidence raises the issue of the agency of appellant's attorney, and, there having been no request to submit such issue to the jury, we are required, in support of the judgment, to presume that the court so found. R. S. 1925, art. 2190.

The judgment of the trial court is affirmed.