PARMELE v. ABDO et ux. (No. 6251.)

(Court of Civil Appeals of Texas. San Antonio.
Oct. 15, 1919.)

1. EVIDENCE ⚖➾241(1) — DECLARATIONS OF
DRIVER AT AUTOMOBILE ACCIDENT.

In action against automobile owner for injuries caused by driver's negligence, where agency of driver was established by the evidence, declarations made by driver at time of accident were legitimate and proper.

2. MASTER AND SERVANT ⚖➾330(2)—DECLARATIONS OF AUTOMOBILE DRIVER NOT EVIDENCE OF AGENCY.

In action against automobile owner for injuries caused by driver's negligence, evidence of declarations made by driver at time of accident is incompetent, for purpose of showing that driver was engaged in owner's business at time of accident.

3. MASTER AND SERVANT ⚖➾330(3)—DRIVER NOT ENGAGED IN OWNER'S BUSINESS.

In action against automobile owner for injuries caused by driver's negligence, evidence held insufficient to show that driver was engaged in owner's business at time of accident.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Elias Abdo and wife against J. J. Parmele and another. Judgment for plaintiffs against the named defendant, and the named defendant appeals. Reversed and remanded.

Will A. Morriss and W. H. Lipscomb, both of San Antonio, for appellant.
Lewright & Douglas, of San Antonio, for appellees.

FLY, C. J. This is a suit for damages in the sum of $20,260, instituted by appellees against J. J. Parmele and Joe Cox, in which it was alleged that the damages were inflicted upon the person of Salina Abdo and upon a buggy and horse through the negligence of appellant and Joe Cox, his driver, in running an automobile into the horse and buggy, which was being driven across San Pedro avenue at Elmira street in the city of San Antonio. The ground of negligence was driving the automobile at a greater rate of speed than permitted by the city ordinance. The cause was dismissed as to Joe Cox, and appellant answered by a general demurrer and general denial. On the answers to certain issues submitted to a jury judgment was rendered that Salina Abdo recover of appellant, in her separate right, the sum of $750, and that both appellees recover of appellant the sum of $181.70, being $85 for the horse, $40 for the buggy, and $56.70 interest from date of the accident.

The first, second, third, and fourth assignments of error seek to establish error on the part of the court in admitting the testimony of Salina Abdo, to the effect that Joe Cox at the time of the accident stated to her that he could not take her home because he had only 20 minutes to show the car and to take Bradley to the depot. The evidence was objected to on the ground that agency cannot be proved by the declarations of an agent. The evidence did not tend to show agency, and standing alone tended to show nothing, except that the driver did not have time to show the car and take his passenger to the depot. There was no question in the case as to agency, for that fact was fully shown by the testimony both of appellant and Joe Cox.

The only issue in the case was as to whether at the time of the accident Joe Cox was engaged in the prosecution of the business of his employer. Cox testified that he was not engaged in his employer's business at the time, that it was on Sunday, that the place of business was closed, and also he swore that he was merely out on a ride with Bradley before taking him to the depot. There is no fact in the case tending to show that Cox was engaged at the time in his employer's business, unless the declaration by Cox, testified to by Salina Abdo, tended to show that he was engaged in demonstrating the car with the view to a sale to Bradley, who was with him in the car. Bradley did not testify.

[1-3] The agency of Cox having been established by all the evidence, the declarations made by him at the time of the disaster were legitimate and proper, and had such declarations been sufficient in themselves, or when taken in connection with other facts to show that the accident occurred while Cox was engaged in prosecuting the business of his employer, the judgment should be sustained. It is incompetent, however, to prove such fact. Cox may have been showing the car to Bradley, before taking him to the depot, without having in view a sale or any matter connected with the service of the employer. The facts are inadequate to establish the vital point in the case and the sixth assignment of error, which assails the sufficiency of the evidence to uphold the verdict, is sustained.

The judgment is reversed, and the cause remanded.

⚖➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes