## HOUSTON & T. C. R. CO. v. BROOKS.
### (No. 495.)

Court of Civil Appeals of Texas. Waco.
April 7, 1927.

1. Evidence ⬡123(12)—Driver's statement tending to fix blame on self, made soon after train struck horses, held admissible as res gestæ.

In suit for damages to wagon and team caused by collision with defendant's train, explanation of plaintiff's driver tending to fix blame upon himself, made so soon after collision as to be regarded as part of transaction and associated therewith, should have been admitted as part of res gestæ.

2. Evidence ⬡123(1)—Where statements are made at time so near after occurrence of act and under circumstances reasonably precluding idea of deliberate design, doctrine of res gestæ applies.

Where statements are made at time so near after occurrence of act then being considered and under such circumstances as to reasonably preclude idea of deliberate design, doctrine of res gestæ applies, and such statements should be admitted.

3. Trial ⬡352(1)—Special issue whether train struck team as alleged, considered with another special issue held erroneous (Vernon's Ann. Civ. St. 1925, arts. 2189, 2190).

In suit for damages to plaintiff's wagon and team struck by defendant's train, special issue, "Did defendant's train strike team and wagon of plaintiff * * * as alleged in plaintiff's petition?"-when considered in connection with special issue, "Was such negligence on part of defendant direct and proximate cause of damage, if any, to plaintiff's team, wagon and harness?" held affirmatively erroneous, under Vernon's Ann. Civ. St. 1925, arts, 2189, 2190, relating to special issues.

4. Trial ⬡352(5)—Special issue on contributory negligence in driving team upon railroad track held erroneous as assuming collision occurred as alleged.

In suit for damages to plaintiff's wagon and team struck by defendant's train, special issue, "Was plaintiff or his agent, D. Reese, guilty of contributory negligence, as that term is hereinafter defined, in driving upon defendant's track on occasion of accident?" held erroneous as assuming collision occurred as contended by plaintiff and ignoring defendant's theory that team got away from driver and ran loose upon crossing.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by Zach Brooks against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellant.
Jas. E. Gresham, of Mexia, for appellee.

STANFORD, J. Suit by appellee against appellant to recover damages to his wagon and team of two horses and harness, resulting from a collision between such wagon and team, west bound, and appellant's passenger train, north bound, at the crossing of Hopkins street, in Mexia, on the main line of said railway. The case was submitted to a jury on special issues and judgment rendered on the jury's findings against appellant for $400. The issues made by the pleadings and evidence and the issues submitted to the jury will be stated more fully in the course of this opinion.

[1, 2] Under its first proposition appellant contends, in substance, where a collision occurs between a railway train and a wagon, and while the participants are upon the ground where it occurred, and the cause of it is in doubt in the minds of those present and they are seeking to ascertain such cause, a statement of one of the participants relative to its cause is admissible, when made soon thereafter, as a part of the res gestæ of the collision. The record discloses that appellee was engaged in teaming, running some 15 wagons and teams, doing heavy hauling in the oil field; that Dave Reese, a negro, and an employee of appellee, was supposed to be in charge of appellee's wagon and team at the time of the collision. Immediately after the collision several parties, most of them employees of appellant, assembled at the point of the collision, but no driver was seen by them. About 15 minutes after the collision and about the time said parties had removed the horses from the track, the said Dave Reese appeared at the scene of the wreck. No one seemed to know where he came from. Whereupon appellant asked several of the witnesses to state what the negro, Dave Reese, said about the accident when he came up, which was offered as a part of the res gestæ, to which appellee objected because it was hearsay, which objection the court sustained. If permitted, said witness would have testified that he came up there and said he was driving that team and that they got loose from him, and said that the accident could not be helped; that they got away from him down the street there, etc. The collision occurred about 6 p. m., after the day's work was done, and while the team driven by Reese was on the way to the camp, they having to cross the railway track to reach same. Practically all the evidence shows that Dave Reese dropped the lines and jumped off the wagon before the collision occurred, and there was evidence that he ran across said tracks in front of said team. While all the parties were upon the ground where the collision occurred, and when all were seeking to ascertain the cause, Dave Reese, the driver of said team and agent and employee of appellee, suddenly appeared in about 15 minutes after the collision and while the wreck was being

cleared, and made said statements as to the cause of the collision, and which was corroborative of other evidence in the case. This explanation of the physical act then being considered was admissible if made at the time when it occurred, or so soon thereafter that it may be regarded as a part of the transaction and associated therewith. If the statements are made at a time so near after the occurrence of the act then being considered, and under such circumstances as to reasonably preclude the idea of deliberate design, the doctrine of res gestæ applies and such statements should be admitted; and in this case, we think, the question should be considered with reference to the circumstances surrounding the transaction and the parties thereto and the relation of the author of said statements to the transaction. The statement could not be considered a self-serving one, and the fact that the statement would tend to fix blame for the collision upon Dave Reese would preclude the idea of deliberate design on his part to make a statement more adverse to himself than the facts required. Missouri, K. & T. R. Co. v. Vance (Tex. Civ. App.) 41 S. W. 167; International & G. N. R. Co. v. Bryant (Tex. Civ. App.) 54 S. W. 364; Missouri, K. & T. R. Co. v. Williams, 50 Tex. Civ. App. 124, 109 S. W. 1126; St. Louis S. W. R. Co. v. Moore (Tex. Civ. App.) 173 S. W. 904; Dallas Hotel Co. v. Fox et al. (Tex. Civ. App.) 196 S. W. 647. We sustain this assignment.

[3] Under other assignments and propositions, appellant contends the court erred in failing to submit the controverted issues uninfluenced by any intimation as to the views entertained by him upon such issues, and in charging upon the weight of the evidence, etc. To the first issue the jury found the defendant's train did strike the team and wagon of the plaintiff as alleged in plaintiff's petition; to the second, the defendant did fail to blow the whistle on its locomotive at a distance of 80 rods from the crossing; to the third, the defendant did ring the bell on its locomotive at a distance of at least 80 rods from the crossing, and did keep same ringing continuously until said crossing was reached on the occasion of the accident to plaintiff's team and wagon. Special issue No. 4 was as follows:

"If you have answered any of the above special issues in the affirmative, then answer, Was such negligence on the part of the defendant the direct and proximate cause of the damage, if any, to plaintiff's team, wagon, and harness?"

The jury answered each of the first three issues above in the affirmative; that is, that the train did strike the wagon and team as alleged, that the defendant did fail to blow the whistle at the distance of 80 rods, that the defendant did ring the bell at 80 rods' and kept same ringing, etc., and in the fourth special issue the court assumed that each of said acts was a negligent act and had the jury to find if same was the proximate cause of the collision. In other words, the court assumed that the striking of the wagon was negligence, and assumed that the ringing of the bell was negligence, and authorized the jury to find if either of said acts was the proximate cause of the collision. As far as we may know from the record, the jury may have based their finding on the issue of proximate cause on the mere fact of the collision, or on the fact appellant rang the bell at a distance of 80 rods from the crossing and kept same ringing until the crossing was passed, as required by law. The first special issue, "Did defendant's train strike the team and wagon of the plaintiff on the 14th day of January, 1925, as alleged in plaintiff's petition?" when considered in connection with the fourth special issue, "Was such negligence on the part of the defendant the direct and proximate cause of the damage, if any, to plaintiff's team, wagon, and harness?" was affirmatively erroneous, in that, if the first issue meant to inquire whether there was a collision, then it submitted an issue that was not disputed but was admitted by all parties, and the court could not, as he did in the fourth special issue, assumed that the mere fact of said collision was, as a matter of law, negligence on the part of appellant, as above stated. If said first issue meant to inquire if the collision occurred in all respects as alleged by appellee in his petition, then it was an attempt to submit all of appellee's alleged grounds of recovery in one issue, to wit, that appellant ran its train at an excessive rate of speed in violation of a city ordinance, that it failed to blow the whistle, that it failed to ring the bell, and that its employees in charge of said train failed to keep a lookout for persons or teams on its tracks, etc. Each of said grounds was alleged as a proximate cause of the collision. The jury answered said issue, "Yes." They may have meant the alleged failure of appellant's employees to keep a lookout was the cause of the collision, and if so, the court could not assume, as he did in the fourth issue, that such failure was negligence as a matter of law. If the court intended this first special issue to comprehend the issues embracing all the alleged grounds of recovery, then it could scarcely be more erroneous or repugnant to the intention of our statutes governing the submission of special issues. If the court meant to submit appellee's theory of how the collision occurred, then it was not the submission of a special issue, but amounted to a general charge, without requiring the jury to pass upon the question of negligence. We cannot know how the court understood said special issue, nor how the jury understood it, nor whether the court and jury had the same understanding of it, and so cannot know the meaning of their answer. Articles 2189 and 2190, Vernon's Civil Statutes 1925.

[4] Under other assignments, appellant contends the court's definition of "contributory negligence" is erroneous, and that, in effect, the court erred in failing to properly charge the law of contributory negligence under the issues as made by the pleadings and evidence. While the court's definition of contributory negligence is not affirmatively erroneous, and might be technically correct, yet we think such definition is not as full as it should have been, and that the court should have defined said term so as to expressly include acts of both omission and commission on the part of appellee's agent and employee, as indicated in the definition of negligence submitted in specially requested issue No. 3 by appellant and given by the court. Appellant pleaded contributory negligence substantially as follows: That appellee's wagon and team were in charge of his agent and employee, Dave Reese; that when said agent and employee had driven said team within about 45 feet of the crossing of appellant's railway track, he stopped said team, laying the lines used to control said team to one side, and went off and left said team entirely loose; and that said team started in the direction of said crossing and said employee then ran and caught the lines and attempted to stop said team, but the lines broke and he lost control of said team, and they ran onto said crossing immediately in front of said approaching train, etc. There was evidence to support this version of how the collision occurred. The only issue on contributory negligence submitted by the court was as follows:

"Was the plaintiff or his agent, D. Reese, guilty of contributory negligence, as that term is hereinafter defined, in driving upon defendant's track on the occasion of the accident?".

This change was erroneous in that the court assumed that appellee's employee drove said team upon the crossing, thereby assuming the collision occurred as contended by appellee and ignoring appellant's theory of how it occurred. As above stated, appellant alleged several acts and omissions on the part of appellee's employee as constituting contributory negligence on his part, and that each of said negligent acts or omissions was a proximate cause of the collision. Appellee contended his employee, Reese, drove said team on the crossing and was unable to get across before being struck by the train. Appellant contended that by reason of the negligent acts of appellee's employee said team got away from him and ran loose upon the crossing just in front of said approaching train. There was evidence to support each theory. The court should submit the several issues of contributory negligence without assuming the one or the other of said theories to be true, and, in submitting appellant's special plea of contributory negligence, should follow the rule as announced by our Supreme Court in Fox v. Dallas Hotel Company, 240 S. W. 517. There are other matters of which complaint is made but same are not likely to arise upon another trial. For the errors above indicated, the judgment of the trial court is reversed and the cause remanded.