**WESTERN UNION TELEGRAPH CO. v. BROWN et al.   (No. 525.)\***

Court of Civil Appeals of Texas. Waco.
June 2, 1927.

Rehearing Denied July 5, 1927.

**1. Master and servant ⬤⟿330(3)—Evidence that messenger riding bicycle striking pedestrian wore regulation cap held to show he was Western Union employee.**

Uncontradicted evidence that boy riding bicycle and striking pedestrian in alley wore regulation Western Union cap, and that all boys employed by defendant were required to wear the cap and ride bicycles, *held* sufficient to show that boy was defendant's employee.

**2. Master and servant ⬤⟿330(2)—Employee's declarations are admissible in corroboration of other evidence, sufficient in itself to constitute prima facie showing of employment.**

Declarations of an agent or employee when part of the res gestae are admissible in corroboration of other evidence sufficient in itself to constitute a prima facie showing of the agency or employment, though they are not admissible alone to show the relation.

**3. Evidence ⬤⟿123(11)—Telegraph messenger boy's statement, immediately after bicycle struck plaintiff, that he was hurrying back from delivering message, held admissible as part of res gestae.**

Statement of telegraph company's messenger to plaintiff, immediately after he and his bicycle struck and fell on plaintiff, that he was hurrying back from delivering message, and did not see plaintiff, *held* admissible in suit for injuries as part of res gestae to show agency.

**4. Evidence ⬤⟿126(1)—Injured woman's statement within 5 or 10 minutes after accident, while suffering great pain, held admissible as part of res gestae.**

Woman's statement, within 5 or 10 minutes after accident, made in drug store to which she was carried, and while suffering great pain, that Western Union boy knocked her down, *held* admissible as part of res gestae.

**5. Evidence ⬤⟿125—Whether statement of injured person comes within rule of res gestae depends on all facts which preclude presumption that statement is made with design.**

Whether a statement by an injured party comes within the rule of res gestae depends, not alone on length of time elapsed since injury, but on all facts surrounding the injured party, such

as great pain, which preclude the presumption that the statement is made with design.

**6. Witnesses** ⟨⟩=⟩**389—Evidence that witness heard messenger boy say he struck woman held admissible in rebuttal and for impeachment, where boy, as witness, denied statement.**

Evidence that witness heard messenger boy, later in day of accident, whom he thought to be same boy whom he saw at accident, say he struck woman while riding from delivering message, *held* admissible in rebuttal and for impeachment, where boy, as witness, denied the statement.

**7. Municipal corporations** ⟨⟩=⟩**705(10)—Pedestrian crossing one-way traffic alley held entitled to rely on there being no traffic in violation of ordinance.**

Woman crossing one-way traffic alley between rear entrances of stores, diagonally in direction from which traffic was required by ordinance to travel, struck by messenger boy on bicycle, was entitled to rely on there being no traffic from opposite direction.

**8. Negligence** ⟨⟩=⟩**136(31)—Whether contributory negligence is proximate cause of injury is generally question for jury.**

Generally, whether contributory negligence is proximate cause of injury is a question of fact for the jury.

**9. Municipal corporations** ⟨⟩=⟩**705(10)—Pedestrian struck by messenger boy on bicycle violating ordinance held entitled to recover, notwithstanding contributory negligence not proximate cause of injury.**

Woman struck in one-way traffic alley by messenger boy on bicycle traveling at high speed in direction opposite to that permitted by ordinance *held* entitled to recover, notwithstanding contributory negligence, where jury found her negligence was not proximate cause of injury.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Mrs. Blanche I. Brown and husband against the Western Union Telegraph Company. Judgment for plaintiff first named, and defendant appeals. Affirmed.

Wm. H. Flippen and Jno. T. Gano, both of Dallas, for appellant.

J. S. Simkins, of Corsicana, for appellees.

STANFORD, J. Suit by Mrs. Blanche I. Brown, joined by her husband C. A. Brown, appellees, against the Western Union Telegraph Company, appellant, to recover damages for personal injuries sustained by appellee Mrs. Brown by reason of being struck and injured by a messenger boy of appellant, riding a bicycle. The case was submitted to a jury upon special issues, which being answered favorably to appellee Mrs. Brown, the court entered judgment thereon in her favor, which judgment appellant here presents for review.

Under several assignments and proposi-tions thereunder appellant contends the trial court erred in admitting in evidence the statements and declarations of the boy riding the bicycle which struck Mrs. Brown, said statements being as follows:

"Oh, Oh, I was going through there lickety split, and I did not see you, and they told me to hurry, and I was in a big hurry to get back to the Western Union. I came up there lickety split with my head down, and I did not see you. I was coming from delivering a message from the Western Union, and they told me to hurry back,"

—because, as appellant contends, same does not come within the rule of res gestæ, is hearsay, is without authority, and not binding upon defendant company, and cannot be shown to establish agency or employment, or that said boy was acting within the scope of such employment. It was agreed by counsel for appellant and appellees in open court that the Western Union boys used bicycles in delivering messages in Corsicana, and are required to use bicycles, and that they do so in performing their services. One of appellant's messenger boys, who was also a messenger boy at the time of the accident, testified:

"That the caps as identified by appellees' witnesses were the same as the cap then exhibited by witness; that they have a flat top, and have written across the front the words, 'Western Union'; that there are no boys riding the streets of Corsicana with a cap like that except Western Union messenger boys; that's the cap by which the Western Union boys are known."

Appellant's manager testified:

"The Western Union caps are worn by the Western Union boys when on duty and off duty also; they wear them all the time. It is a fact that the boys are often instructed to deliver a message and hurry back; that is a very common injunction and instruction to them."

The record discloses further that appellee Mrs. Brown had come out of the rear door of a store, and was going in a southeasterly direction diagonally across an alley to the rear door of Reeves' Jewelry Store, where she worked, with a bottle of milk in her hand, when a Western Union boy, or at least a boy wearing a Western Union cap, entered said alley from the north, and proceeded south on a bicycle at a very rapid rate of speed, and ran against appellee and knocked her down, broke the bottle in her hand, the impact being of such force as to drive a piece of glass into her hand, severing the ligaments therein, etc. When she was knocked down as above stated, the bicycle and boy fell on top of her, and the boy kicked or shoved the bicycle off of her, and tried to help her up, and, as he did so, exclaimed:

"Oh, Oh, I was going through there lickety split, and I didn't see you. They told me to

hurry and I was in a big hurry to get back to the Western Union, I came in there lickety split with my head down, and I did not see you. I was coming from delivering a message from the Western Union and they told me to hurry back."

[1, 2] The uncontradicted evidence is that all boys in the employment of appellant as messenger boys wore, and were required to wear, what was known as the Western Union messenger boys' cap, and were also required to ride bicycles in the performance of their duties as messenger boys. The evidence is uncontradicted that at the time in question there were no boys riding bicycles on the streets of Corsicana wearing the Western Union messenger boys' cap except messenger boys in the employment of appellant. The evidence of four witnesses is uncontradicted to the effect that the boy riding the bicycle which inflicted the injury wore the regulation Western Union messenger boy's cap. So independent of, and aside from, the statement of the boy above, to the admission of which complaint is made, the uncontradicted evidence was ample to establish the fact that the boy riding the bicycle which inflicted the injury was a messenger boy in the employment of appellant. It is true that it cannot be shown that one is an agent or employee of another by the declaration or statements of such agent or employee alone; but it is equally true that, where there is other evidence sufficient to show such agency or employment prima facie, then such declarations or statements are admissible in corroboration, and especially when such statements constitute a part of the res gestæ, and are made at the time and in connection with the transaction in question. Ferguson v. Lewis (Tex. Civ. App.) 290 S. W. 860, and cases cited; Houston & T. C. Ry. Co. v. Zach Brooks (Tex. Civ. App.) 294 S. W. 282.

[3] In this case the statement of the messenger boy, to the admission of which complaint is made, was made by him immediately after the collision of his bicycle with Mrs. Brown, and while she was still on the ground after being knocked down by said wheel, and while he was getting his wheel off of her and trying to help her up. Said statement was made at the very time of the occurrence to which it related. The explanation made by the boy as to how the collision occurred was made immediately upon the occurrence of the collision, and clearly related and explained the position occupied by him and the duty he was undertaking to perform at the time of the accident. Said statement, from the very nature of same and the circumstances under which made, shows it was the spontaneous utterance of thoughts created by, or springing out of, the collision itself, and so closely related to same as to exclude any presumption that it was the result of premeditation or design. Clearly, we think, said statement was within the rule of res

gestæ, and was properly admitted, not only as corroborative evidence showing said messenger boy was an employee of appellant, but to show he was engaged in the performance of his duties as such employee at the time of said collision. White v. San Antonio Waterworks Co., 9 Tex. Civ. App. 465, 29 S. W. 252; Tabet v. Powell (Tex. Civ. App.) 78 S. W. 999; G., C. & S. F. R. Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 774; Missouri Bridge Co. v. Ballard, 53 Tex. Civ. App. 110, 116 S. W. 99; Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 192; Parmele v. Abdo (Tex. Civ. App.) 215 S. W. 369; Ferguson v. Lewis (Tex. Civ. App.) 290 S. W. 860; Houston & T. C. Ry. Co. v. Brooks (Tex. Civ. App.) 294 S. W. 282; 10 Ruling Case Law, § 157. We overrule these assignments.

[4] Under propositions 4, 5, and 6, appellant contends the court erred in admitting the evidence of the witness Piper to the effect that he saw the plaintiff Mrs. Brown in Penland's drug store some five or ten minutes after the accident, and that Mrs. Brown then told him that a Western Union boy knocked her down. The record discloses that immediately after Mrs. Brown was knocked down she was carried into Penland's drug store. Her hand was badly cut, the ligaments and tendons being severed, and blood flowing freely from the wound, and, while Mr. Penland was applying absorbent cotton to check the flow of blood, and about five or ten minutes after the accident, Mr. Piper came in, and, while she was suffering very great pain, asked Mrs. Brown how it happened, and she replied a Western Union boy knocked her down. Appellant contends this statement of appellee was not admissible, and bases its objections on the same grounds as its objections to the statements of the Western Union boy discussed above, "and further submits that such statements some five or ten minutes after the accident are too late to come within the rule of res gestæ." As we have already disposed of the other grounds of objection in what has been said above, we will here consider only whether the court erred in holding that the last above statement by Mrs. Brown came within the rule of res gestæ.

[5] In I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902, our Supreme Court held, in substance, that not only statements made contemporaneously with the accident or transaction come within the rule of res gestæ, but all statements made under such circumstances as will raise a reasonable presumption that they are spontaneous utterances of thoughts created by the transaction, and so soon thereafter as to preclude a presumption of premeditation. In the above case by our Supreme Court, and the line of cases there cited, the test as to whether a statement by an injured party

comes within the rule of res gestæ is not made to depend alone upon the length of time that has elapsed between the injury and the statement, but also all the facts surrounding the injured party, such as suffering great pain, etc., and, if the facts and circumstances surrounding the injured party are such as to preclude the presumption that such statement is the result of premeditation or design, then such statement comes within the rule of res gestæ, and should be admitted. I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 653; American Express Co. v. Chandler (Tex. Civ. App.) 215 S. W. 367; Evans v. McKay (Tex. Civ. App.) 212 S. W. 688; Norton's Adm'r v. Winstead, 218 Ky. 488, 291 S. W. 723; 10 R. C. L. 974. Mrs. Brown had received a severe wound, severing the ligaments in her hand, that required an anæsthetic to be given her, and the aid of three physicians to sew up said wound and attempt to connect said ligaments. Within five or ten minutes after receiving said wound, and while the blood was flowing from same, before any physicians had reached her, and while she was suffering agony, she was asked how it happened, and she replied that a Western Union boy knocked her down. We think the circumstances preclude the presumption that this statement was the result of premeditation or design, and comes within the rule of res gestæ, and was properly admitted by the trial court.

[6] Under other assignments and propositions thereunder, appellant contends the trial court erred in permitting the witness Upchurch to testify that he heard the boy, who in his opinion was the messenger boy that ran into Mrs. Brown, on the night of the accident or the next night, state to another boy:

"I was sure scared to-day; I sure had the life scared out of me; I had been off to deliver a message, and coming back down through the alley a big old fat woman stepped right out in front of me, and I knocked her cold."

The witness Upchurch testified that he was in the alley in about 25 feet of Mrs. Brown when she was knocked down; that he heard the blow and saw the accident; that, as the boy left the scene of the injury on his bicycle, riding slowly, he passed close by witness, and he got a chance to observe him closely, and that he wore a Western Union cap, with the words "Western Union" written on it. On cross-examination by counsel for appellant, the witness Upchurch testified:

"I think I have seen that boy since then; I think I saw him here in the courthouse. I have seen him since the accident, besides at the courthouse. I saw him either that night (referring to the night of the accident) or the next night—really recognized him by a conversation; I would not have noticed him then, if it hadn't been for a conversation."

On redirect examination said witness Upchurch testified:

"I am of the opinion that this is the boy right here (witness referring to Lloyd Bunch, who was then standing before him)."

While Lloyd Bunch, a witness for appellant, was on the stand, on cross-examination in reply to a question by appellees' counsel, he testified:

"It is not a fact that in a cold drink stand across from the post office that I made a statement to another Western Union boy that I had been scared to death that day, that I had gone flying down the alley, and ran into a big fat woman, and didn't even see her."

The witness Upchurch was afterwards recalled, and testified in response to a question by appellees' counsel:

"On the night of the day that Mrs. Brown was knocked down in the alley, I heard a statement made by a boy in the cold drink stand across from the post office. In my opinion it was the same boy I saw come out of the alley that day on a bicycle. The boy said: 'I was sure scared to-day; I sure had the life scared out of me. I had been off to deliver a message, and coming back down through the alleyway a big old fat woman stepped right out in front of me and I knocked her cold.'"

The witness Upchurch had an opportunity to, and said he did, closely observe the boy who ran into Mrs. Brown. He had occasion afterward to observe the same boy. During the trial he pointed out Lloyd Bunch as, in his opinion, the boy who struck Mrs. Brown and the boy that he heard make a statement in the cold drink stand about striking a big fat woman. Lloyd Bunch, while on the stand for appellant, denied making the statement in the cold drink stand. The evidence of Upchurch was admissible in rebuttal to the evidence of Lloyd Bunch and also for impeachment; the proper predicate having been laid. We overrule these assignments.

[7-9] Under appellant's tenth proposition it contends that, as the jury found that appellee Mrs. Brown was guilty of contributory negligence, the appellant was entitled to a judgment in its favor. The record discloses that at the time appellee was injured she was going from the rear door of the Blue Bonnet Shop across the alley to the rear door of Reeves' Jewelry Store; that said places are not opposite each other, but that the jewelry store is further south; and that Mrs. Brown, in going from the rear door of the Blue Bonnet Shop to the rear door of the jewelry store, went diagonally across said alley in a southeasterly direction, the alley running north and south. It was shown by two witnesses, and also by the ordinances of the city of Corsicana, that said alley was a one-way alley, and all traffic on said alley

was required to enter same from the south and travel north, so Mrs. Brown could not very well observe traffic from the north, and she had the right to rely upon there being none from the north, as such traffic was prohibited by ordinance. The messenger boy who struck and knocked her down was going south through said alley in violation of said traffic ordinance, and going at a very rapid rate of speed on a bicycle, making no noise, and giving no signal nor alarm. The jury found, in substance, that appellant, through its employee or agent its messenger boy, was guilty of negligence, and that such negligence was the proximate cause of appellee's injury. The jury also found that appellee Mrs. Brown was guilty of contributory negligence, but also found her negligence was not a proximate cause of the injury. The general rule, with some few exceptions, is that as to whether contributory negligence is a proximate cause of an injury is a question of fact. This case does not come within any of the exceptions referred to. In order to make out such defense in this case, it was incumbent upon appellant to show, not only that appellee was guilty of contributory negligence, but that such negligence was a proximate cause of the injury, and, the jury having found against appellant on this issue—an issue of fact—such defense was not made out. Salter v. G., H. & S. A. R. Co. (Tex. Civ. App.) 285 S. W. 1112; Railway Co. v. Crump (Tex. Civ. App.) 212 S. W. 827; Railway Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318. There is no contention by appellant that the finding of the jury last above referred to is not supported by the evidence. Appellant expressly states in its brief that it does not want the case reversed and remanded, but reversed and rendered, and, if this cannot be done, then that the judgment of the trial court be affirmed.

We have considered all of appellant's assignments, and, finding no error, affirm the judgment of the trial court.