**ROWE et al. v. LILES.**

No. 2885.

Court of Civil Appeals of Texas. Waco.

Jan. 12, 1950.

Rehearing Denied Feb. 2, 1950.

Strausburger, Price, Holland, Kelton & Miller, Dallas, Carl Cannon, Groesbeck, for appellants.

Bradley & Geren, Groesbeck, for appellee.

HALE, Justice.

Mrs. Blanche Liles sued D. B. Rowe, Lee W. Rowe and A. M. Stark, doing business as partners under the firm name of Taylor Trucking Company, and their truck driver, Jack Walker, for damages on account of personal injuries sustained by her when the automobile in which she was riding was struck from the rear by a truck belonging to the partners and being operated by Walker as their employee. The case was tried before a jury and resulted in a joint and several judgment being rendered against all of the defendants in the court below, from which they have appealed. Under appropriate points in their joint brief, appellants say the judgment appealed from should be reversed because of alleged errors on the part of the trial court in his rulings on (1) the admissibility of certain testimony elicited from the witnesses Ed Carlisle and wife, and (2) inflammatory argument of counsel for appellee to the jury.

The collision of which complaint is made occurred on or near a one-way bridge over the Navasota River on the afternoon of May 4, 1947. Appellee was riding in an automobile being operated by Carl Massey. Attached to the Massey car was a trailer. Appellee testified in substance that the car in which she was riding approached the bridge from the south; that as Massey approached the bridge another car was also approaching the same from the north; that Massey pulled his car well to the right side of the highway and brought the same to a complete stop, in order to permit the approaching car from the north to pass over the bridge; and that, while they were thus stopped to the south of the bridge, the truck being driven by Walker in a northerly direction along the highway crashed into the trailer from the rear, thereby inflicting upon her the injuries of which she complained. On the other hand, Walker and another employee of the partners who was riding in the truck, testified in effect that as they were rounding the curve approaching the bridge from the south they observed the Massey car parked at the south end of the bridge waiting for another car to pass over the same from the north; that after the other car had passed over the bridge the Massey car proceeded onto the bridge where it was suddenly stopped or its speed slackened without any warning; and that the truck was

then too close to the Massey car to be stopped without a collision.

The jury found that Walker was operating the truck on the occasion in question at a higher rate of speed than a person of ordinary prudence would have operated the same under the then prevailing circumstances, that he failed to keep a proper lookout or to keep his truck under control as he approached the place of the collision, and that his conduct in each of these particulars constituted negligence on his part and a proximate cause of the injuries suffered by appellee. The jury also found that the collision was not the result of an unavoidable accident, that Massey did not stop or slow down the speed of his car on the bridge and that appellee was not negligent in any of the particulars submitted. No question is presented upon the appeal as to the sufficiency of the evidence to sustain the findings of the jury.

During the progress of the trial, Ed Carlisle and his wife were tendered as witnesses on behalf of appellee. They each testified that they had been fishing in the Navasota River a short time prior to the collision; that Massey and appellee had been with them in the river bottom; that Massey had loaded a boat on his trailer and he and appellee had then departed from the river bottom and had driven on to the highway. Mrs. Carlisle testified that she saw the collision and her version of what happened was substantially the same as the testimony given by appellee. She also testified that the truck was travelling at a fast rate of speed and was making a roaring noise as it approached the bridge and crashed into the rear of the Massey trailer; that the third car travelling south was in close proximity to the two cars involved in the collision at the time when the same occurred; and that she and her husband went immediately to the scene of the collision where she engaged in a conversation with one of the men in the truck. When Mrs. Carlisle was asked to repeat the conversation she testified as follows: "I said, 'Couldn't you see that highway sign around the curve?' And he said, 'Yes, mam, but not in time to stop.'" Counsel for appellants objected to this testimony on the ground it was hearsay, that it was not a part of the res gestæ and that the same was a self-serving declaration and a voluntary statement being made by the witness without any showing of authority on his part to make such statement. The court overruled the objections of appellants and they excepted. Ed Carlisle testified over substantially the same objections that he heard the conversation testified to by his wife. The evidence shows that the highway over which Walker was travelling as he approached the scene of the collision bore the following road signals: there was a yellow stripe to the right of the center line of the highway extending south from the bridge a distance of 1383 feet; there was a danger signal on the right side of the highway indicating a one-way bride at a distance of 438 feet from the south end thereof; and there was another danger signal on the right at a distance of 218 feet from the bridge indicating a curve in the highway. Appellee also testified without any objection being interposed thereto that something was said to Walker shortly after the collision as to why he ran into their car and Walker stated he had seen them "but not in time to stop."

From the record before us we cannot say the rulings of the trial court with reference to the admissibility of the testimony of Ed Carlisle and wife, as complained of by appellants, constituted reversible error. Their testimony was clearly admissible and competent evidence in so far as appellant Walker is concerned because, among other reasons, his statement was undoubtedly an admission or declaration by him against his interest as a party to the suit. See 17 Tex.Jur., p. 543, sec. 224 and authorities there cited. Furthermore, we think the statement of Walker was made under such circumstances as to render testimony with reference thereto admissible in evidence against all of the appellants as a part of the res gestæ. 17 Tex.Jur., pp. 613 et seq., secs. 256, 257; Houston & T. C. R. Co. v. Brooks, Tex. Civ.App., 294 S.W. 282, pts. 1 and 2; Western Union Telegraph Co. v. Brown, 297 S.W. 267, pts. 3, 4, and 5, (er. dis.);

Davenport v. Texas & N. O. R. Co., Tex. Civ.App., 72 S.W.2d 933, pt. 5; Beck v. Wahlgren, Tex.Civ.App., 87 S.W.2d 890, pt. 3; City of Austin v. Johnson, Tex.Civ.App., 195 S.W.2d 222, pts. 9–12, (er. ref. n. r. e.); Coleman v. Cook, Tex.Civ.App., 195 S.W. 2d 1020, pts. 4–7; Houston Oxygen Co. v. Davis, 139 Tex. 1, 161 S.W.2d 474, pts. 5–6, 140 A.L.R. 868. Moreover, it appears to us that the effect of the testimony given by the Carlisles over appellants' objections was substantially the same as that given by appellee without any objection. It is generally held that objections to evidence are unavailing when similar evidence to the same effect is offered and received without objection. 41 Tex. Jur. p. 901, sec. 141 and authorities; Pure Foods Products v. Gibson, Tex.Civ.App., 118 S.W.2d 925, pt. 3, (er. dis.); Younger Bros. v. Ross, Tex.Civ.App., 151 S.W.2d, 621, pt. 9, (er. dis.); Texas & P. Ry. Co. v. Crown, Tex.Civ.App., 220 S.W.2d 294, pt. 10, (er. ref. n. r. e.).

In his closing argument to the jury one of appellee's counsel made three separate statements to which objection was timely interposed by counsel for appellants. The statements so made were as follows: (1) "The Taylor Trucking Company, Mr. Rowe and Mr. Stark down at Taylor, Texas, in Williamson County, went to Dallas, Texas, and procured Mr. Kelton—" * * * (2) "I want you to remember that this poor girl here spent ten years in the Orphans Home * * *" and (3) "She leaves it up to you gentlemen to say whether in her thirty-six years of life expectancy and the pain and suffering and the injury the doctors say she will have, and her ability to earn a living for herself and her boy, whether or not she—". In connection with their objections to each of the foregoing arguments counsel for appellants moved the court to instruct the jury not to consider the same. In each instance the court promptly instructed the jury not to consider the arguments to which objection had been made. After the close of the arguments but before the deliberations of the jury, appellants moved the court to declare a mistrial upon the ground that the cumulative effect of the improper argu-

ments in the three particulars above set forth was so inflammatory that the prejudice arising therefrom could not be removed by the court's instruction to the jury not to consider the same. This motion was overruled and appellants say the action of the court in overruling the same constituted reversible error.

Appellee says each bit of the argument complained of was proper when viewed in the light of all the evidence and of the prior arguments to the jury by opposing counsel. The record discloses that Hon. Phillip Kelton, an attorney of Dallas, actively participated on behalf of appellants in the trial. In his argument to the jury, after his associate counsel had referred to appellants as being "just good old country boys here at Taylor", Mr. Kelton stated that it was a pleasure for him to come back to Groesbeck, one of the neighboring towns of his home town, to try a case. Evidence was admitted without objection on the trial to the effect that appellee was twenty seven years of age at the time of the collision, had a life expectancy of thirty six years, was the mother of a boy six years of age and that she had spent approximately ten years in the Orphans Home at Corsicana while she was a girl. Three doctors testified that in their opinion appellee had sustained serious injuries to her neck, spine and lumbar region as a result of the collision. In their arguments to the jury the counsel for appellants did not discuss appellee's environment as a growing child but by direct innuendo they repeatedly questioned the propriety of her conduct as a grown woman in fishing "in every river in Texas" with Mr. Massey.

However, we do not find it necessary to decide whether any of the three bits of argument on behalf of appellee of which complaint is made was or was not proper or invited because we have concluded that such arguments, even though each was improper and unprovoked, were not of such inflammatory character, either singly or collectively, as that the prejudicial effect thereof could not be cured by the court's instruction to the jury not to consider the same. We find no indication

in the record that the verdict of the jury was in any respect the result of passion or prejudice or of any improper motive or purpose. On the contrary, it appears to us that the damages awarded to appellee in the sum of $3,000, as well as the findings of the jury on the issues determinative of legal liability therefor, were amply sustained by and in harmony with the competent evidence adduced upon the trial.

Accordingly, the judgment of the court below is affirmed.